## CORNELIUS COOPER v. GEORGE W. SINGLETON.

The doctrine in Tarpley v. Poage's Adm'r, 2 Tex. R. 139, is to the effect that though there may be a deed with covenant of general warranty, yet the vendee may resist the payment of the purchase money in cases where the title has turned out to be wholly defective, or there is a valid outstandiag title in others, especially where the vendor is or may probably be insolvent, or beyond the reach of the Court. The rule in that case is not upon the ground of fraud in the vendor, but of such failure of title as exposes the vendee to the danger, or in fact to the certainty of eviction.

No question was raised in that case (Tarpley v. Poage's Adm'r) as to whether the purchaser had, prior to the sale, knowledge of the defects of the title. But in the subsequent case of Brock v. Southwick, (10 Tex. R. 65,) it was held that where a vendee, under a deed with warranty, accepted the title with knowledge of its defects, he could not resist the payment of the purchase money, unless he had been evicted.

The difference between the liabilities of the vendee, under an executory and executed contract, is this, that in the former he should be released by showing defect of title, unless on proof by the vendor that this was known at the sale, and it was understood that such title should be taken as the vendor could give. In the latter, the vendee should establish beyond doubt, that the title was a failure, in whole or in part, that there was danger of eviction, and also such circumstances as would *prima facie* repel the presumption that at the time of the purchase he knew and intended to run the risk of the defect. (The Court was considering a deed with general warranty.)

See this case for suggestions as to the mode of proceeding by a vendee, where the vendor is seeking to enforce the payment of the purchase money, and the title is defective, in whole or in part, or doubtful, with a possibility of its becoming good.

In all cases of equitable defences, the pleader should remember that equity cannot be done by halves, and should, by his allegations, put the Court in possession of all the facts necessary to enable it to do complete equity.

If the vendee of the surviving husband, by deed with general warranty, would resist the collection of the purchase money, or any part thereof, on the ground that the land was community property, he should allege ignorance of the state of the title at the time of the sale, and also state such facts as would show that ultimately he would most (probably) not be able to secure the whole of the land.

It is not error to permit a party to withdraw his announcement of readiness for trial, for the purpose of excepting to the pleadings of the other side.

Cooper v. Singleton.

Where the plaintiff was permitted to except to defendant's answer, orally, but to be reduced to writing afterwards and filed, and the exceptions, which went to the whole defence, were sustained, and the exceptions were not written out and filed until many months after the adjournment of the Court, to which proceeding the defendant excepted, it was held that it was, at most, an irregularity which was admitted to facilitate the despatch of business, and for which the judgment could not be reversed.

Appeal from Rusk. Tried below before the Hon. William W. Morris.

The facts are stated in the Opinion. The defendant had taken leave to amend ; and had filed the amendment twenty-one days before the case was called for trial.

*M. Casey*, for appellant, cited Perry v. Rice, 10 Tex. R. 367; Tarpley v. Poage's Adm'r, 2 Id. 147 ; Wood v. Wheeler, 7 Id. 19 ; Robinson v. McDonald, 11 Id. 385 ; Stewart v. Insal, 9 Id. 399 ; 1 White & Tudor's Lea. Cas. L. & Eq. 271. Mr. Casey also cited Hart. Dig. Arts. 669 and 688, to the point that all pleadings and exceptions must be in writing ; and argued that if the oral exception could be allowed in such a case, it would be treated as a general demurrer.

*Lewis & Flanagan*, for appellee.

HEMPHILL, CH. J. Suit on two notes executed by the appellant, Cooper, payable to William Crisp or bearer.

The defendant pleaded, in substance, that the notes were given in part for the purchase money of a tract of land of one hundred and sixty acres, which is described by its boundaries ; that the tract was sold to defendant by William Crisp, the payee in the notes, on the day of their date, viz : the 26th of September, 1854 ; that on that day the said Crisp, in consideration of the sum of seven hundred dollars, of which the said notes constituted a part, executed a warranty title deed to defendant for the land; that the tract, before the date of the said deed, had been the common property of the said Crisp

and his wife Eliza, both of whom, with their family, resided upon the land for about three years, until, in the year 1854, the wife of the said Crisp died on said land ; and that after the death of said Crisp's wife, the land was sold as above stated to defendant by the said Crisp. The plea further states that the said Eliza Crisp left several children, who are yet alive,—some of them married,—some minors,—some residing in this State, and others in other States ; that there has never been any administration on the estate of Eliza Crisp ; that the above named heirs are entitled to one undivided half of said tract of land ; that all the purchase money, except the notes sued on, has been paid to Crisp ; that the plaintiff Singleton, if he obtained the notes sued on before they became due, had full notice that they were executed for the consideration above mentioned. By amendment the defendant averred that the notes were not the property of the plaintiff, but of the payee, William Crisp, and that the consideration of the said notes had wholly failed. The plaintiff demurred to the plea.

The demurrer was sustained and the jury found for the plaintiff.

The important question in the cause is, whether the matter of the plea was a valid defence to the action.

It will be observed that the contract for the purchase of the land was not executory, but executed. The vendee had received his deed, with covenants of warranty. Had the contract been executory, the defence, as stated, might have *prima facie* been sufficient. The general rule is, that as long as the contract remains executory, the purchaser shall not be compelled to pay the purchase money and take a defective title, except the purchase has been made at his own risk or he has agreed to accept such title as the vendor can give. (Brown v. Haff, 5 Paige, 235.) Nor will the mere fact that the vendee has gone into and remained in possession amount, in itself, to a waiver of objection to the title. (7 Tex. R. 244.) That the title is defective is a good defence to the vendee, under a contract *in*

*fieri*, and it devolves upon the vendor to show by direct evidence, or by circumstances, that the vendee was purchasing at his own risk, and with a knowledge of the defects of the title, or that he would take such title as the vendor could make.

But when the title has been passed, and the deed executed, the purchaser cannot, according to the doctrine in England and in most of the States, resist the payment of the purchase money on the ground merely of defect or failure in the title. Where there has been no fraudulent representations, on the part of the vendor, as to the title, the general rule is, that the vendee under a deed must pay the purchase money, and rely upon the covenants in his warranty for redress ; and if there be no fraud and no covenants, he is not entitled to any relief. (3 A. K. Marshall, 288, 334 ; 5 Monroe, 239 ; Lighty v. Shorb, 3 Pa. R. 447.)

But such is not the rule as recognized by the Courts of this State. The doctrine in Tarpley v. Poage's Adm'r, 2 Tex. R. 139, is to the effect that though there may be a deed with covenants of warranty, yet the vendee may resist the payment of the purchase money in cases where the title has turned out to be wholly defective, or there be a valid outstanding title in others ; that where there clearly was no title in the vendor, the purchaser is not compelled to pay, and then, after eviction, seek his remedy on the covenants of his deed, especially where the vendor is or may probably be insolvent, or beyond the reach of the Court. The rule in that case is not upon the ground of fraud in the vendor, but of such failure of title as exposes the vendee to the danger, or in fact to the certainty of eviction.

No question was raised in that case, as to whether the purchaser had, prior to the sale, knowledge of the defects of the title. But in the subsequent case of Brock v. Southwick, 10 Tex. R. 65, it was held that where a vendee under a deed with warranty, accepted the title with knowledge of its defects, he could not resist the payment of the purchase money, unless he had been evicted.

In the case of Tarpley v. Poage's Adm'r, reference was made to cases in South Carolina and in Pennsylvania. The Reports from South Carolina are not accessible, but I will refer more fully to the cases from Pennsylvania.

The first and leading case on the subject of the detention of the purchase money, is that of Steinhauer v. Whitman, 1 S. & R. 438. The vendee was in under a deed of special not general warranty. He had been evicted from a part of the premises by title paramount to that of the vendor. He set up this eviction in defence against a suit for the purchase money, and the doctrine maintained in the case, as condensed by Justice Kennedy in the subsequent case of Roland v. Miller, 3 W. & S. 390, was that if the consideration money had not been paid, the purchaser, unless it appeared that he had agreed to run the risk of the title, may defend himself in an action for the purchase money, by showing that the title was defective either in whole or in part, whether there was a covenant of general warranty, or of right to convey, or of quiet enjoyment, by the vendor, or not, and whether the vendor has executed a deed of conveyance for the premises or not.

The rule as established in this case, in 1815, and which was founded upon long established usage, has not been departed from in later cases in the Courts of Pennsylvania. It has been the subject of severe comment, but has maintained its ground as an established rule of law. It was affirmed in Hart v. The Executors of Porter, 5 Serg. & Rawle, 201, with the qualification that if the vendee knew of the defect at the time of the purchase, without stipulating for a covenant as security against it, he consents, in effect, to take the risk of the purchase on himself. Other decisions followed, and the result of the previous cases was in Lighty v. Shorb, 3 Pa. 452, stated to be this, that where there was a known defect, but no covenant or fraud, the vendee can avail himself of nothing. But where there is a covenant against a known defect, he shall not detain the purchase money unless the covenant has been broken ; or

in other words, he must perform his engagement, whenever his knowledge and the state of the facts continue to be the same they were at the time of the conveyance.

In Ludvick v. Huntzinger, 5 W. & S. 51, decided in 1842, it is held that a superior, indisputable, outstanding title in a third person, is a good defence against the payment of the purchase money, although a deed of conveyance has been executed, unless it was explicitly agreed and understood between the parties at the time of the sale, that the vendee was to take the title at his own risk. But the outstanding title must be indubitably good. But where the contract for the purchase is in *fieri*, there, if it should appear that the title of the land is anywise doubtful, the vendee will not be held to pay the purchase money, unless it should appear that he so expressly agreed. (5 Bouv. 365 ; 1 S. & R. 42.)

In Ross' appeal, 9 Barr, 496, it is said that the doctrine of Steinhauer v. Whitman, 1 S. & R. 438, is not of universal application. It does not extend to cases where it is expressly stipulated or shown by circumstances, to be the understanding of the parties, that the vendee was to take upon himself the risk of a defect of title, or an incumbrance.

I have cited thus largely from these Reports, not with the intention of expressing an indiscriminating assent to all the doctrines in the cases cited, but for the reason that the general doctrine of the cases, as to the justice of detaining the purchase money where the title has failed, though there may have been no eviction, is more analogous to our own rule than that recognized in other Courts, with the exception of those of South Carolina.

The plea in the case on hand avers the title of the vendor to be defective, but does not state when that fact came to his knowledge. He admits that he has the vendor's deed with warranty. He does not allege that there was fraudulent representation, or even concealment on the part of the vendor. He alleges merely defect of title, and he certainly should aver,

in order to show that he has equity, that he did not know of the defect at the time of sale. If he be exempted from the necessity of abiding eviction and then resorting to his covenants, he should aver such facts as would in equity and justice entitle him to relief. As long as the contract for the sale is *in fieri*, the vendor, to enforce payment, should show, where the vendee relies upon defect of title, that the latter had purchased at his own risk ; but when it is executed, when there is a conveyance, and the land will not revert to the vendor though there may be default in payment of the purchase money, when the vendee has the covenants of the vendor for his ultimate security, the burthen should be upon the vendee, to show such facts as would relieve him from the payment. He should aver such facts as would, if true, authorise the Court to grant the relief; and if he have a deed with warranty, he ought not to. be released from payment, unless in case of fraud on the part of the vendor, or of defect in the title not known to the vendee at the time of the sale. He cannot require of the Court to institute any inquiries, unless on averments stating fully all the facts and repelling conclusions as against the equity sought on his behalf. He cannot be required to prove a negative, but he can prove the facts and circumstances of the sale ; and if from these no inferences arise that the purchase was to be at his risk, and no proof establishing such fact is offered by the vendor, he ought to be let in to his defence.

The difference between the liabilities of the vendee, under an executory and executed contract, is this, that in the former, he should be relieved by showing defect of title, unless on proof by the vendor that this was known at the sale, and it was understood that such title should be taken as the vendor could give. In the latter, the vendee should establish beyond doubt, that the title was a failure in whole or in part ; that there was danger of eviction, and also such circumstances as would *prima facie* repel the presumption that at the time of the purchase he knew and intended to run the risk of the defect.

Cooper v. Singleton.

Some defects of title are less known or open to observation than others ; and none, in times that are past, have been more hidden or less known than those enveloped in the obscurity of community rights.

The plea in this case does not aver a want of knowledge of defect in the title at the time of the purchase, and on that ground is defective.

It is insufficient in other particulars. There has been no administration on the estate of Mrs. Crisp, as is averred ; and in a limited sense, it is true that her heirs are entitled to the one-half of the land. But their interest may be subject to great modifications, and ultimately may be altogether excluded. They are entitled truly to the half of such portion of the common property as may remain after the payment of the debts of the community. There may be also a large amount of community property in addition to the land in question. If such be the fact, the portions of the heirs of the wife may be satisfied out of the other assets,—and this being assigned to the vendor as his share of the common property, would enure to the benefit of his vendee—the defendant. The plea should have averred the condition of the community estate. The jurisdictions of both law and equity are or may be exercised in every case in which it may be necessary to exert the power or apply the principles of either, or of both law and equity. Defences, of the character of the plea in this case, are peculiarly of equitable cognizance, and the pleadings should aver all such facts as would give relief in equity. If the title be a total failure, and if the equities of the case be such that the vendee should not be condemned to the distant and perhaps fruitless appeal to his warranty, the vendee should pray for rescission, for refunding such portion of the purchase money as has been advanced, and offer to surrender his deed, and also that the respective equities of the parties, as to rents and profits on the one hand and improvements on the other, may be adjusted ; or if title to only a portion of the land has failed,

to release and reconvey the vendee's right to that portion. Or if the title has not wholly failed, and it can be ascertained in a reasonable time, whether there will be eviction, the remedy should be by injunction to restrain the collection of the purchase money until the danger from the outstanding title has passed ; and for this purpose the parties who claim under the outstanding title, may be made parties, and required to assert or relinquish their claim to the land. There are numerous cases in the Kentucky Reports, in which this character of equity has been administered, with the additional fact that the vendor was insolvent, and consequently a suit on his covenants would avail nothing. (1 Dana, Simpson and others v. Hawkins & Cocham, 303.) But it is unnecessary to recapitulate the pleas which should be set up in supposed cases. It should be remembered that the defence is equitable, and that equity cannot be done by halves. In this case there might be some apparent equity in refusing to allow the collection of the notes, on the ground that the vendee had already paid more than half of the purchase money, and that *prima facie* the interest of the vendor is but one half. But the vendee should have alleged ignorance of the state of the title, and also stated such facts as would show that ultimately he would most (probably) not be able to secure the whole of the land.

We are of opinion that the demurrer was properly sustained.

The judgment states that the demurrer of plaintiff to defendant's answer was sustained. It appears, however, from a bill of exceptions, that after the parties announced readiness, and the pleadings being read, the plaintiff objected orally to defendant's answer and amended answer, alleging, among other matters, want of title in the land, the plaintiff claiming that the amended answer was not filed until after the time fixed for pleading at the present Term,—that he had no notice of said amended answer, and prayed permission to withdraw his announcement of readiness, and except to said answer and amended answer, which was allowed, and the Court allowed

said plaintiff to make and argue said exceptions orally, but to be reduced to writing afterwards and filed ; and the trial progressed without such written exceptions.   This is assigned as error.   But, at most, this appears to be but an irregularity which was admitted to facilitate the despatch of the business.

The judgment shows that there was a demurrer, and that it was acted upon by the Court.   The demurrer has been since filed, though many months after the adjournment of the Court. The irregularity is not sufficient ground for the reversal of the judgment, and it is ordered that the same be affirmed.

Judgment affirmed.