ALLEN JOHNSON v. JAMES M. LONG.

To enable a vendee, holding land under a conveyance with a general warranty, executed and delivered, to resist the payment of the purchase money, he must establish, beyond doubt, that the title had failed in whole or in part, and that there was danger of eviction.

ERROR from Gilmer. Tried below before the Hon. C. A. Frazer.

This suit was brought by James M. Long, appellee, against Allen Johnson, the appellant, on a note given by Johnson to Long, in part payment of the purchase money for a tract of land, and to subject the land to the payment of the note.

The defendant pleaded that the consideration of the note sued on had wholly failed, in this, that plaintiff, at the time he sold the land to the defendant, for which the note was given, had no title whatever to the same; that the land, at the time of sale, belonged to the heirs of Daniel B. Lucus, who had received a patent therefor.

The plaintiff read, in evidence, the note sued on, and the deed from Long, conveying the land in question; reciting a general warranty of title, and dated 26th November, 1857.

The defendant introduced, in evidence, the patent to the heirs of Daniel B. Lucas, embracing the land in controversy, and dated 20th day of December, 1847. W. H. Hart testified, that he was the administrator of the estate of Kelsey; that he found the patent among the papers of said estate; that he had made inquiry, and endeavored to get a transfer from said heirs, and had failed in doing so; that he had examined the records of the county clerk's office of Harrison county, and also of Upshur county, and failed to find any conveyance from said heirs.

The judge charged the jury to disregard the testimony, as to the title of the land, on the ground of insufficiency. Verdict and judgment for plaintiff, subjecting the land to the payment of the principal and interest of the note. The defendant, Johnson, prosecuted his writ of error.

Johnson v. Long.

*C. C. Galloway*, for plaintiff in error.

*J. L. Camp*, for defendant in error.

WHEELER, C. J.—There is no error in the judgment. This was the case of an executed contract by conveyance by deed, with general warranty. In such a case, to entitle the vendee to resist the payment of the purchase money, he must establish, beyond doubt, that the title had failed in whole or in part, and that there was danger of eviction (Cooper v. Singleton, 19 Tex. R., 260). For aught that appears, the defendant may have a good title by mesne conveyances from the grantee, and be in the undisturbed possession and enjoyment of the land. It devolved on him to show the failure of title and his liability to eviction, which he has failed to do. The court, therefore, did not err in declining to submit the question of title to the jury. The judgment is affirmed.

Judgment affirmed.