McDONALD and others vs. HYDE and others.

*"Sale or return" contract — Pleading.*

Where the contract between the vendor and purchaser of lands was, that if any of them proved, on examination, not to be such as represented, they should be "charged back" to the vendor, the purchaser cannot recover purchase money paid for any part of the lands, on the ground that they are not such as represented, without averring that on discovery of the fact he charged them back, or returned or offered to return them.

APPEAL from the Circuit Court for *Winnebago* County.

The complaint in this action states, in substance, that, on, etc., upon a settlement of accounts between the parties, the plaintiffs executed to the defendant *Hyde,* certain notes and mortgages, to the amount of some $15,000, and that at the time of the execution and delivery of said notes, and as a part

McDonald and others vs. Hyde and others.

of the inducement therefor, said defendant agreed that if cer-
tain pine lands theretofore conveyed by him to the plaintiffs,
and in part consideration of which the said notes were given,
proved on examination not to be such as he had represented
them to be, both as to location and as to quality and quantity
of timber thereon, then they were to be charged back to him;
that plaintiffs had since examined said lands, or the greater
part thereof, and the same were found to be comparatively
valueless, and not at all as *Hyde* had represented them; that
the latter, by his false representations in reference to said lands,
had deceived and defrauded plaintiffs, to their damage more
than $20,000, and that the notes given for said lands were
likely to be negotiated, and plaintiffs would be compelled to
pay the same. Prayer, for a judgment for damages against
*Hyde;* that he be compelled to deliver up said notes and mort-
gages to be canceled; and that meanwhile defendants, their
agents, etc., be enjoined from selling or negotiating them.
Demurrer to the complaint, as not stating a cause of action;
and plaintiffs appealed from an order sustaining the demurrer.

*Gabe Bouck,* for appellants.

*C. Coolbaugh* and *Jackson & Halsey,* for respondents, con-
tended, among other things, that the complaint was insufficient,
as it contained no allegation that the plaintiffs "had charged
back the lands to the defendant," or made any offer to return
them. They could not rescind the sale and retain the property.
*Kendricks v. Goodrich,* 15 Wis. 679.


Dixon, C. J. It is alleged in the complaint that it was
agreed between the plaintiffs and the defendant *Hyde,* at the
time their accounts and dealings under the contract were ad-
justed, and the balance struck, and the notes given, that if any
of the lands proved on examination not to be such as the con-
tracts called for, or as they were represented by *Hyde,* with
reference to the quantity or quality of the timber growing

thereon, or their location along or near the river, "then they should be charged back to *Hyde*." The complaint, however, contains no allegation that the plaintiffs, on discovering that the lands were not such as the contracts required, or as *Hyde* represented, charged them back, or returned or offered to return them, to him. This we deem to be a fatal defect in the complaint. Presuming, as we must until the contrary be shown, that the agreement to charge back was a binding agreement, and not for any cause insufficient, the sale was a sale upon condition, of that class often called "contracts of sale or return." In these the property passes to the purchaser subject to an option in him to return it within a fixed or a reasonable time, and if he fails to exercise this option by so returning it, the sale becomes absolute, and the price of the property may be recovered in an action to be brought for that purpose. 1 Parsons on Contracts (5th ed.), 539, and cases cited; Story on Sales, §§ 417 and 417*a*. In such case, the purchaser cannot both keep the property and recover back the whole or any part of the price paid. If he would recover the price, or relieve himself from the payment of it, he must return or offer to return the property; which last is, in every such case, considered equivalent to an actual return. The retention of the property after an opportunity for examination, is regarded as an unconditional acceptance of it, and a ratification of the sale, by which the purchaser becomes holden for the full price.

The complaint being thus substantially defective, it follows that the order of the court below, sustaining the demurrer, must be affirmed.

*By the Court.*— Order affirmed.