## WILSON v. BREYFOGLE.

### (Circuit Court of Appeals, Seventh Circuit. May 31, 1894.)

### No. 98.

1. VENDOR AND VENDEE—RESCISSION BY VENDEE—RECONVEYANCE.

Where the purchaser of land has accepted and recorded his deed relying on the vendor's representation that the title was perfect, he cannot, on discovering the title to be defective, sue for a return of the consideration without first reconveying or offering to reconvey.

2. PRACTICE—NONSUIT.

Where the court sustains a motion to exclude the plaintiff's evidence from the jury, the proper judgment is one of nonsuit, and not a general judgment for the defendant.

In Error to the Circuit Court of the United States for the Northern District of Illinois.

Assumpsit by Harriet A. Wilson against William A. Breyfogle. Defendant obtained judgment. Plaintiff brings error.

The plaintiff in error, the wife of William G. Wilson, sued in assumpsit to recover damages for the failure of the defendant to convey to her by good and sufficient title 30,000 acres of land in Tennessee. The plaintiff and her husband were possessed of certain real estate in Cook county, Ill., known as the "Grand Crossing Property," which they agreed to convey to the defendant at the price of $200,000, receiving in payment therefor, to the husband, $20,000 in cash; $105,000 in deferred payments, secured by mortgage upon the property to be conveyed; the balance, $75,000, to be paid by the conveyance by good and sufficient title to the plaintiff of 30,000 acres of land in Cumberland county, Tenn., of which it is charged the defendant represented himself to be the owner.

The defendant pleaded the general issue and three special pleas: (1) The statute of frauds; (2) a conveyance by warranty deed to the plaintiff by the Cumberland Lumber & Transportation Company of the Tennessee lands described, dated October 21, 1889, accepted and received by the plaintiff in full performance of the agreement; (3) an oral agreement to convey as stated, except that the Tennessee lands should be conveyed by the Cumberland Lumber & Transportation Company by warranty deed, and the defendant and wife should execute and deliver a quitclaim deed, and alleging performance by the defendant, and acceptance by the plaintiff of the deeds. To these pleas there were replications, upon which the defendant joined issue. The cause was tried before the court without a jury. The evidence disclosed that the parties met at Chicago on August 15, 1889, to consummate the arrangement. The plaintiff and her husband executed and delivered to the defendant a deed of the Grand Crossing property, which was accepted, and he in turn made the cash payment, and executed the mortgage upon that property to the satisfaction of Mr. and Mrs. Wilson. It is charged that he failed to convey to the plaintiff the 30,000 acres of Tennessee land by good and sufficient title, as agreed. The defendant at the time produced a warranty deed of the lands executed by the Cumberland Lumber & Transportation Company, which contained an error in the description, which error was, at the request of the plaintiff, subsequently rectified, and the deed sent to the plaintiff, and by her sent for record. There was also produced a quitclaim deed from the defendant and his wife, which was not at the time handed over to the plaintiff because of a want of, or a defective, acknowledgment, which was subsequently supplied, and the deed sent to the plaintiff.

The case below turned largely upon the question whether and under what circumstances the deeds of the Tennessee lands had been accepted by the plaintiff as a fulfillment of the contract. It appeared that certain papers for which the defendant had sent to assure Mr. Wilson of the title to

the land had not reached him. Mr. Wilson thus states the occurrence: "He [Breyfogle] said at the time that, inasmuch as the papers had not arrived that he sent for at Louisville to be sent to me, to be examined by my attorney, as to the title of this property, that if I would go ahead, and conclude the contract, why he was willing to do it, and I could rely implicitly upon his statement that he had a good title, and that he had investigated the matter very thoroughly through attorneys, and that he would not have taken the property at all unless he was satisfied that his title was good, and he could assure me on his honor that his title was perfect; and, inasmuch as these papers were locked up in somebody's desk in Louisville, and he could not be here, and my wife was going away, that the trade may as well be concluded then, and that I need not fear anything about the title, and that he would certify to the abstract that he had already furnished me—which had not been accepted—as a proper abstract of title, and that he would certify to it, and guaranty to the best of his ability, in writing, that that title was all right; and I said to him, and also to Judge Leaming, that inasmuch as the doctor [the defendant] was responsible, and that his assurance that he had the title and could convey a good title, that I would accept the deed under the circumstances. The Court: In other words, you accepted the deed on the faith of what he said to you? A. Yes, sir. Q. Relying on it? A. Yes, sir."

The record does not state the consideration expressed in the warranty deed of the Cumberland Lumber & Transportation Company which the plaintiff first had. In October following, Mr. Wilson, upon attempting to have the deed recorded, ascertained that the recording fee was graduated by the consideration expressed in the deed,—in this case, presumably, $75,-000. He thereupon sent the deed to the defendant, requesting him to have the consideration changed to $1, to avoid payment of a large recording fee, and a new warranty deed executed by the company was sent him in accordance with his request, which was recorded. Afterwards, and during the year 1890, the Wilsons dealt with the Tennessee lands as their own, and sought to sell the same. There was evidence tending to show that the title to the Tennessee lands was not good in the defendant or the Cumberland Lumber & Transportation Company; that the lands were known as wild lands, and were in part occupied adversely to the grantors of the Wilsons. There had never been any reconveyance by the Wilsons to either the Cumberland Transportation Company or to the defendant of the lands in question, or any offer so to do, or any tender of a deed. At the conclusion of the plaintiff's evidence the defendant moved the court to rule out and exclude all the evidence introduced by the plaintiff, upon the following grounds: First. That sufficient evidence had not been offered showing or tending to establish a written contract for the sale of the lands. Second. That the plaintiff had not shown her right by any of the testimony offered on her behalf to bring this suit. Third. That the evidence offered by the plaintiff disproves her right to maintain any action on the contract sued on, because it appears from the deeds offered by her in evidence that they were delivered to her by the defendant in consummation and execution of the supposed contract sued on, and that no action could be maintained upon said supposed contract, but could only be maintained upon said deeds so delivered by said defendant, as alleged in his plea for breach of covenant of title or seisin. And "thereupon, and upon said motion, said defendant asked the ruling of the court before being required to tender or offer any evidence on his behalf, and, said motion having been duly argued by counsel, and the court having duly and fully considered the same, it is adjudged by the court that said motion be, and the same is hereby, sustained, and that the evidence so offered and introduced by the plaintiff be, and the same hereby is, excluded, and, said plaintiff having failed to offer or introduce any other or further evidence in the premises, and to maintain her issues in the cause, the court makes this its general finding of the issues in said cause against the plaintiff and in favor of the defendant upon his pleas, and thereon it is adjudged by the court that said defendant be discharged, and go hence without day, and that he have and recover of the plaintiff herein his costs to be taxed, and that execution issue therefor."

Lyman Trumbull and Perry Trumbull, for plaintiff in error.

Geo. W. Kretzinger, J. T. Kretzinger, and John S. Cooper, for defendant in error.

Before WOODS and JENKINS, Circuit Judges, and BAKER, District Judge.

JENKINS, Circuit Judge (after stating the facts). The plaintiff, by her action in assumpsit, sought to recover the unpaid balance due for the Grand Crossing property upon the ground that, although by the contract that balance was to be paid by the conveyance to her of a good and sufficient title to the Tennessee lands, the defendant had therein failed. There was delivered to her the warranty deed of the Cumberland Lumber & Transportation Company and the quitclaim deed of the defendant for the land in question. She unquestionably accepted the deeds in execution by the defendant of his contract, relying upon his assurance that the title thereto was perfect in the grantors. She seeks to avoid the effect of the acceptance of the deeds upon the ground that she was induced to accept them by the false representations of the defendant with respect to the title. While it is true that in many cases a tort may be waived and assumpsit sustained against one who has wrongfully obtained the property of another (Burton v. Driggs, 20 Wall. 125), we still think that the suit here cannot be maintained. She has never conveyed or offered to reconvey the title or claim of title which was vested in her by those deeds. The title of the grantors so conveyed to her rested upon certain judicial sales which the plaintiff claims were invalid, but they were sufficient as a foundation for a claim of title, and the plaintiff accepted covenants of warranty of the Cumberland Lumber & Transportation Company with respect to that title. The deed of the company presumably stated the correct consideration of $75,000, and to that extent the company was responsible to the plaintiff upon its covenant if the title should fail. If she was induced to accept the deeds by any false representations of the defendant, it still remains true that, in order to avoid the transaction, she must return that which she has received. The acceptance of the deed was not a void act by reason of the alleged fraud, but was voidable at her election. She cannot, however, hold the fruits of the transaction, and at the same time repudiate it. She cannot retain the covenants of the lumber company, and the title or claim of title vested by its deed, and at the same time pursue the defendant upon the ground that she accepted the deed by reason of his false representations. Nor do we think it any answer to say that that deed of the lumber company was afterwards returned, and another warranty deed substituted with an expressed consideration of one dollar. That was done at her request, to avoid payment of the legal fee for recording, and not in repudiation, but in affirmance, of her acceptance of the original deed.

We do not stop to consider the questions presented by the statute of frauds, or of the right of the plaintiff to maintain the action

because the contract was made with her husband, since, if these questions should be resolved in her favor, it would still remain that, unless she should restore or offer to restore that which she has received, namely, the title or claim of title acquired from the defendant and the Cumberland Lumber & Transportation Company, she cannot avoid the effect of the acceptance of the deeds as fulfillment by defendant of his contract.

The judgment, however, was erroneous in form. The court should have entered a judgment of nonsuit, whereas it found generally in favor of the defendant upon his pleas; so that, as we take it, the judgment is a bar to any further action by the plaintiff. The judgment will therefore be reversed, with costs, and the cause remanded, with direction to the court below to enter judgment of nonsuit without prejudice to such further proceedings as the plaintiff may be advised to take.