### W. J. MOORE ET AL. v. C. G. VOGEL.

Decided December 14, 1899.

1. **Foreclosure of Vendor's Lien—Plea of Defective Title as Defense.**

In an action on notes and to foreclose a vendor's lien on land, a plea by the defendant (who had already conveyed the land to another) alleging a defect in the title is unavailing where no fraud or misrepresentation of the plaintiff vendor is shown, nor that defendant was ignorant· of the defect, and there is no offer to reconvey to plaintiff.

2. **Pleading—Knowledge of Defect in Title.**

An allegation that defendant was told the title was good by an attorney and relied upon such representation in purchasing, is not an allegation that he did not know of a defect in the title, but rather that he relied upon the attorney's opinion, regardless of the defect.

3. **Same—Superior Title Must Be Pleaded.**

Where plaintiff sues to foreclose a vendor's lien, and defendants answer only by general denial, they are not entitled to judgment on evidence of superior title, since this is an affirmative defense that must be pleaded.

4. **Foreclosure of Vendor's Lien—Adverse Title as Defense.**

Where, in an action to foreclose a vendor's lien, parties defendant are brought in as subsequent purchasers of the land, or holders of title subject to plaintiff's lien, they can not set up an adverse title in themselves and have it litigated in the foreclosure suit.

APPEAL from Harris. Tried below before Hon. JOHN G. TOD.

*D. T. Rowe,* for appellants.

*Fisher, Sears & Sherwood,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was instituted by appellee, C. G. Vogel, against appellants, W. J. Moore, W. L. Thompson, and J. L. Hudson, and against Fred Holcomb and D. P. Wheat, in the District Court of Harris County, on the 23d day of February, 1898, to recover upon three promissory notes alleged in the petition to have been executed by Holcomb in part payment of the purchase money of a tract of 640 acres of land in Harris County, Texas. The petition properly describes the land, alleges the execution and delivery of the deed from appellee to Holcomb, retaining a vendor's lien to secure the payment of the notes, and further alleges purchase of the land by Moore from Holcomb and his agreement and assumption to pay the notes due appellee. It then charges that the appellants Thompson and Hudson are asserting and claiming that they have some sort of interest or claim in said land, the extent and nature of which the plaintiff does not fully know, but that whatever rights or claims they may have in said land is subsequent and subject to plaintiff's lien. . Plaintiff prays for judgment against Holcomb and Moore for the amount due upon the notes and for foreclosure of his vendor's lien against all of the defendants.

Defendant Holcomb answered by general demurrer, general denial,

plea of not guilty, and specially that Moore had assumed the payment of the notes, and prayed for·judgment over against Moore in the event plaintiff recovered against him.

Moore answered by general demurrer and general denial, and by special plea alleged that. on April 13, 1896, Holcomb conveyed to him; that he had assumed the payment of the notes sued on, besides paying $900 to Cash & Luckel, who were agents of plaintiff, and who received and paid said money to Vogel. That while the deed from Vogel to Holcomb expressed the consideration claimed by plaintiff, yet in truth Holcomb at the time was insolvent, and Vogel, knowing that his title to the land was not good, paid Holcomb $25 to have the title pass through him to perpetrate a fraud on Moore, as follows: That Moore was at the time said deed was executed a resident of Kansas, but was at this time in Texas for the purpose of securing a home, and said land was purchased by him for that purpose. That Cash & Luckel were representing Vogel for the purpose of selling said land, and they informed plaintiff that the title to the land was good, and that if he desired the title to the land examined that he should employ one William Cash, and that William Cash, under the employment and control of Cash & Luckel, said the title was good, and Moore purchased the land. That the title was not good, because it was sold by the administrator to Wm. R. Wilson without an order of sale. That on account of the failure of the title, the consideration for the note had wholly failed, and that he should recover $900 from plaintiff, which he had paid to Holcomb, and $150 interest which he had paid to Vogel. That A. E. Wilson, Myra M. Wilson, and Charles Wilson were the heirs of William R. Wilson, and that if the title did not pass under the administration sale to Vogel, they were entitled to the land, and had conveyed, through their attorney D. F. Rowe, to W. L. Thompson, J. L. Hudson, and D. P. Wheat, and that they had been made parties to this suit by the plaintiff, and that' they had entered their appearance, and "are now asserting title to said property in this suit." The prayer is, if Hudson or Thompson should recover the property described in the plaintiff's petition, that Moore should recover from Vogel the money he had paid to Vogel, and that the notes sued on should be canceled.

By supplemental petition appellee denied, under oath, that Cash & Luckel were his agents or represented him in any capacity, and alleged that he did not know that Holcomb had sold to Moore until after Moore's deed was recorded; that he made no representations as to the title either to Holcomb or Moore, and if there is any defect in the title, both Moore and Holcomb knew of it at the time they purchased.

Thompson and Hudson answered by general demurrer, general denial, and plea of not guilty.

The case was tried before the court without a jury, and judgment was rendered for appellee in accordance with the prayer of the petition. Only Moore, Thompson, and Hudson have appealed. There is no statement of facts, but at request of the appellants the trial court filed its con-

clusions of law and fact, which we adopt. All of the facts found by the trial court which relate to the questions discussed in this opinion are as follows:

"That in the month of April, 1896, Cash & Luckel were engaged in the real estate business, having offices in the city of Houston, and in the city of Galveston; that thinking they had or could procure a purchaser for section No. 23, volume No. 12, H. T. & B. Railroad land, they applied to C. G. Vogel, who they believed to be the owner of the land, for his price on the same; that he gave them a price of $6.50 per acre, which he said he would take for the land. They found a purchaser in the person of the defendant Wm. J. Moore, to whom they sold the land at a price of $4800; that they had Vogel execute to the defendant Fred Holcomb a deed to the land, and Holcomb executed to the plaintiff Vogel the notes sued on herein, and they had the defendant Holcomb execute to the defendant Moore a deed to the land in controversy, reciting a consideration of $4800, of which $900 was paid in cash, and the balance either in notes to Holcomb or by the assumption of notes given by Holcomb to Vogel, and which are sued on in this suit by the plaintiff Vogel. That Holcomb really had no interest in the transaction, but was acting at the instance of Cash & Luckel, and was paid $25 by them for executing the notes to Vogel and the deed to Moore. That Cash & Luckel in this transaction were not acting as agents of Vogel, nor were they authorized by him to so act, but they were acting in their own interest, with a view of making what profit they could out of the transaction by resale to the defendant Moore, and the name of Holcomb was simply used as a convenience in order that the defendant Moore would not know that they were interested in the transaction and were making profit out of the sale to him. The defendant W. J. Moore was in Kansas at the time of the execution of the deed, but had been here all the previous winter and went on the land in March, 1896, and examined the same with a view of purchasing it, and found one Houston in possession of a part of the land. He went on the land and took possession of about thirty acres, retained such possession for awhile, and afterwards abandoned such possession to the Wilson heirs and executed them a quitclaim deed."

Appellants, by various assignments of error, complain of the judgment on the ground that appellee failed to show title in the land upon which the foreclosure was had. Under the law applicable to the case as made by the pleading and facts, as we conceive it to be, we do not think it necessary to consider any of the assignments in so far as they relate to the sufficiency of the administration proceeding to show title in appellee.

Neither the answers of the appellants, nor the facts proven on the trial are sufficient to entitle appellants to the relief sought by them. In the case of Cooper v. Singleton, 19 Texas, 267, it is held that the deed having been executed by the vendor and delivered to the vendee, the contract for the purchase of the land was executed and not executory; and in Ogburn v. Whitlow, 80 Texas, 240, the court holds, that the execution and delivery of a warranty deed by the vendor to the vendee constitutes an

executed contract, notwithstanding a vendor's lien was expressly retained in the deed.   In Cooper v. Singleton, supra, the distinction between a case of this character arising under executory and an executed contract is thus stated: "The difference between the liabilities of a vendee under an executory and an executed contract is this: In the former, he should be relieved by showing defect of title, unless on proof by the vendor that this was known at the sale and it was understood that such title should be taken as the vendor could give.  In the latter, the vendee should establish beyond doubt that the title was a failure in whole or in part; that there was danger of eviction, and also such circumstances as would prima facie repel the presumption that at the time of the purchase he (vendee) knew and intended to run the risk of the defect."  This case has been followed and approved by a long line of cases.  Johnson v. Long, 27 Texas, 21; Haralson v. Langford, 66 Texas, 113; Demaset v. Bennett, 29 Texas, 263; Knight v. Coleman County, 51 S. W. Rep., 258.

In the case of Smith v. Nolan, 21 Texas, 497, it is held that a purchaser, in order to resist the payment of the purchase money notes, must return the possession of the premises and the deed for cancellation.   In Haralson v. Langford the court say it is an equitable defense, and he who seeks equity must do equity; and in Ogburn v. Whitlow, supra, it is held that the defendant must offer to reconvey the land and restore the possession.   Following the cases above cited, in the case of Knight v. Coleman County the court lays down the rule, that in an action against a purchaser to foreclose a vendor's lien on land sold by general warranty deed, defect of title is not available as a defense unless the defendant shows fraud, ignorance of the defect, liability to eviction, insolvency of the grantor, and offers to return the deed for cancellation.   The answer of defendant Moore in this case does not offer the deed for cancellation, nor offer to restore the possession of the land, and does not allege that Moore did not know of the alleged defect at the time he purchased,—the allegations in the answer on this point being that he was told that the title was good by an attorney, and relied upon such representations, but that the title was bad because of the alleged superior outstanding title.   We are of opinion that this is not an allegation that he did not know of the defect, but that he relied upon the opinion of his attorney that the title was good notwithstanding the alleged defect.

The trial court in its conclusions of fact finds that Cash & Luckel were not acting as the agents of appellee Vogel in the transaction, and that he had not authorized them to so act; had simply told them what he would take for the land and they found a purchaser, and procured the execution of the deed from Vogel to Holcomb, and had Holcomb execute the notes to appellee.   In other words, the facts show that appellee made no representations as to the title, and was guilty of no fraud in the matter.   It is not shown that Moore, when he purchased the land, did not know of the alleged defect in the title, and the facts show that he voluntarily abandoned possession of the land and executed quitclaim deed to holders of alleged outstanding title, thus putting it out of his power to restore pos-

session to appellee. When he purchased from Holcomb, Moore assumed the payment of the notes sued on.

We think under the law judgment was properly rendered against Moore regardless of whether or not appellee had superior title to the land, neither his pleading nor the facts in evidence being such as to allow him to avail himself of any defect in appellee's title.

Thompson and Hudson did not plead specially, but answered only by general denial and plea of not guilty. If they were the holders of a superior title to plaintiff's, it was an affirmative defense in this suit, and to be available to them, must have been specially pleaded. That evidence without pleading to support it, even if admitted without objection, can not form the basis of a judgment, is well settled. Banking Co. v. Stone, 49 Texas, 4; Harvey v. Cummings, 68 Texas, 607.

While the finding of the lower court is not perfectly clear upon the subject, we interpret the facts found to be, that the holders of the alleged superior title obtained possession of the land under and by virtue of the quitclaim deed from Moore, who held under appellee, and if such is the case, we are of opinion that Thompson and Hudson, holding in privity with Moore, in order to defend against the foreclosure of appellee's lien, must allege and prove the same facts required of Moore.

We think the judgment of the lower court should be affirmed, and it is so ordered.

*Affirmed.*

### ON MOTION FOR REHEARING.

Appellants Thompson and Hudson, on motion for rehearing filed herein, contend that the court erred in its opinion in this case in holding that said appellants are not entitled to have the issue as to whether or not they are the holders of a superior title to plaintiffs determined in this suit. In our former opinion we held that, the facts showing that Hudson and Thompson had obtained possession of the land in controversy under the Vogel title, they would not be permitted in a suit by Vogel to foreclose his vendor's lien to defend against such foreclosure by proving a superior outstanding title, nor that they held title to the land superior to the one sought to be foreclosed, unless the pleadings and evidence in the case brought them within the rule announced in Cooper v. Singleton and the other cases cited in our opinion; and neither their pleading nor the evidence in the case brought them within the rule.

These appellants insist that this holding is error, because the facts fail to show that they obtained possession of the land under the Vogel title, or that they have ever asserted any claim under said title, or have ever been in possession of the land. We can not agree with appellants' counsel as to what the facts in the case are upon this issue, and adhere to our former holding; if, however, appellants' contention as to the facts be true, they are clearly not entitled under the law to litigate their title to the land in this suit. Whether or not these appellants claim title as pur-

chases of appellee's vendee, they were made parties to the suit by appellee as the holders of a title or claim subject and subsequent to plaintiff's lien, and as such were proper and necessary parties to the suit to foreclose.    In the case of Faubion v. Rogers, 66 Texas, 475, cited by appellants, this exact question was the issue in the case.    Judge Willie, with that vigor of thought and remarkable clearness of expression which distinguishes his every judicial utterance says:    "Having been brought in as a purchaser, he had no right to set up an adverse title in himself and have that litigated and determined in the foreclosure suit.    The appellant was brought in as a necessary party to the foreclosure suit because he had purchased from the mortgagor.    He was not invited into the cause as the holder of an adverse claim.    He could not have been brought in as such and compelled to assert and litigate this adverse title in the foreclosure proceeding.    He could not have come in voluntarily and have been allowed to try the title to the land with the plaintiff in the cause, and could not have recovered it from him in case his title had been adjudged to be the true one.    He occupied towards Thompson's (plaintiff's) title a two-fold relation.    He was a purchaser under it and purchaser in opposition to it.    As the former he was in the case; as the latter he was neither in the case nor could he be allowed to appear and take part in the litigation.    It is not for the reason that the adverse right may be owned by a stranger to the title upon which the lien sought to be enforced exists, that its owner is excluded from the suit, but because the validity of the title itself can not be litigated in the suit.    When the title to real property is not directly involved in a suit, a third party, in order to intervene, should allege such facts as would authorize a court of equity to grant him an injunction."    We have quoted at length from this opinion, because it is as applicable to the facts of this case as to those of the case in which it was written.

We notice in our former opinion the following expression:    "The trial court filed conclusions of law and fact, which we adopt."    The opinion clearly shows that we only adopted the conclusions of fact and did not adopt the conclusions of law as to the title claimed by appellants as superior to the one sought to be foreclosed, but declined to pass upon same, and the word "law" was inadvertently inserted in the sentence above quoted.

Neither the right of appellant Moore, if any he had under his warranty from Vogel, nor the right of these appellants under the adverse title claimed by them are in any way affected by this suit, and this our former opinion clearly shows.    The motion for rehearing is overruled.

*Overruled.*

Writ of error refused.