This writ of error was sued out to revise a judgment of the district court of Hardin county in favor of defendant in error against plaintiffs in error, Sam J. Adams, C. C. Adams, and W. E. Adams.
The judgment is against Sam J. Adams for the sum of $857.26, the amount due upon two vendor's lien notes executed by said Adams in favor of defendant in error, and against all of the plaintiffs in error foreclosing the vendor's lien securing said notes, upon a tract or parcel of land in Hardin county described as lot No. 8 in Williams addition to the town of Kountze.
The petition, which is in ordinary form of suit on note and to foreclose vendor's lien, was filed April 16, 1908, and service had on defendants April 17, 1908. Defendants filed their original answer on March 27, 1909. The judgment was rendered on March 30, 1909.
It appears from the pleadings of plaintiff Jordan that the land was purchased from him by Sam J. Adams for his mother, C. C. Adams, and the deed was made to her at the request of Sam J. Adams, who executed the vendor's lien notes sued on for the balance of the purchase money.
The deed is one of general warranty and expressly reserves a vendor's lien to secure the payment of said notes. C. C. Adams and her husband, W. E. Adams, were in possession of the property at the time the suit was brought, and plaintiff Jordan had no notice of any sale of the property by the defendants.
The defendants' answer contains a general demurrer and general denial and *Page 500 
special pleas, in which it is averred, in substance, that on February 17, 1908, Sam J. Adams conveyed the property to Hill C. Adams in consideration of the agreement of said Hill C. Adams to pay off and discharge said purchase-money notes, which deed was duly recorded in the deed records of Hardin county. W. E. and C. C. Adams aver that they held the land as tenants and in trust for Hill C. Adams. Sam J. Adams disclaims any right or title in the land or in this suit further than to require said Hill C. Adams to pay off and discharge said notes as he was obligated to do. He prays that said Hill C. Adams be made a party to the suit and that the equities between all of said parties be adjusted herein.
It is further averred as follows: "Still further answering herein, all of said defendants, W. E., C. C., and Sam J. Adams, respectfully represent unto the court that the title to said property upon which plaintiff seeks to foreclose a vendor's lien herein is clouded and defective, in this, that, as is of record manifest, J. J. Allums is setting up some claim of title by virtue of patent from the state of Texas, to him of recent date, to the land in controversy in this suit, and upon which plaintiff seeks to foreclose his lien of the note sued upon herein. These defendants further represent that the heirs of Lewis T. Ferguson whose names and residences are unknown to these defendants also claim some right and title to the lands and lots involved in this suit, and upon which plaintiff seeks to foreclose lien. These defendants jointly and severally especially represent unto your honor: That, when said lands were purchased by the defendant Sam J. Adams of M. P. Jordan, they were purchased with the express understanding and with the express assurance and with warranty of title on the part of M. P. Jordan to the said Sam J. Adams that the title to said property was perfect, and that, acting on such representation of the said M. P. Jordan, the said Sam J. Adams paid to him the sum of $600 in cash as part of the purchase money for said land and lots, and has since paid, to wit, September 7, 1907, the sum of $200, which has not been credited on said notes. That the said M. P. Jordan is insolvent, and that if defendants lose this suit they do not know of any property owned by the said M. P. Jordan in this state subject to execution out of which the amount of money already paid to him by this defendant, Sam J. Adams, could be made. Wherefore these defendants pray that the said Hill C. Adams, who is temporarily in Dallas county, Tex., and heirs of Lewis T. Ferguson and the said J. J. Allums who reside in Hardin county, Tex., be made parties to this suit, and required to plead herein, and that the collection of said debt be stayed until the title is perfected by decree adjusting all conflicting titles, and, in the event that the title be adjudged by the court on a final trial hereof against the said M. P. Jordan, then, by way of crossbill, the said Sam J. Adams prays for judgment against the said M. P. Jordan for the sum of $600, paid him in cash payment on said property, together with legal interest thereon from January 19, 1906, and that the notes sued on herein be canceled and held for naught, and that defendants have judgment for their costs, for which they pray execution therefor."
To this answer plaintiff filed the following exceptions: "Plaintiff demurs to defendants' said answer, and says that the same shows no valid defense, legal or equitable, to this suit, and no valid legal ground for delaying or postponing the trial of this suit. And for special exception to said answer plaintiff says that all that portion of same which seeks to defeat plaintiff's recovery or delay the trial of this suit, because of alleged defects in plaintiff's title, is vague, indefinite, uncertain, and insufficient; that said answer fails to allege wherein said title is defective or clouded by the claim of the persons named; that there was either fraud on the part of the plaintiff, ignorance on the part of defendants as to such defects, or that they have been evicted by a superior title, and what such title was. Plaintiff also specially excepts to all that portion of said answer which seeks to delay the trial of this case for the purpose of making Hill C. Adams a party: First, because it is not alleged that he acquired title from C. C. Adams, to whom the property was conveyed by plaintiff, but from Sam J. Adams; second, if such title was acquired from C. C. Adams, it was subsequent to plaintiff's deed to C. C. Adams, and, being as such a subsequent purchaser, said defendants would have no right to delay the trial of this suit, and particularly so, since said answer fails to allege that plaintiff had any knowledge either actual or constructive of the alleged conveyance to said Hill C. Adams."
These exceptions were sustained by the court and judgment rendered for plaintiff, as before stated, for his debt and foreclosure of his vendor's lien. The record contains no exception by the defendants to the ruling of the court sustaining plaintiff's exception to their answer, and no exception to the judgment.
A motion for new trial on the ground that "the judgment rendered herein is against the law and the evidence" was filed on March 31, 1909, the day after the judgment was rendered; but the record does not disclose that any action was taken thereon by the court or that it was ever presented to the court.
The petition and supersedeas bond for writ of error were filed on October 1, 1909, and service of writ of supersedeas was had *Page 501 
on October 4, 1909, and of citation in error on February __, 1910.
On May 3, 1910, plaintiffs in error filed the following assignments of error:
"In the above cause come the defendants Sam J. Adams, C. C. Adams, and W. E. Adams, and assign the following errors to the action of the trial court and pray the same may be made a part of the record in this cause:
"First assignment of error: The court erred in rendering judgment in favor of plaintiff against defendants.
"Second assignment of error: The court erred in overruling defendants' prayer as set out in third paragraph of their answer, wherein they show the court that Hill C. Adams is a necessary party to this suit and pray the court that Hill C. Adams be made a party.
"Third assignment of error: The court erred in not granting defendants' prayer to have Hill C. Adams, J. J. Allums, and the heirs of Lewis T. Ferguson made parties to this litigation.
"Fourth assignment of error: The court erred in not granting defendants a new trial herein because the law and the evidence are against plaintiff.
"Wherefore, for the errors assigned, the defendants pray that said cause be reversed and remanded for a new trial."
The record was filed in this court on May 8, 1910. There is no statement of facts accompanying the record, and no briefs have been filed by the plaintiffs in error. Defendant in error has filed motion and brief asking the judgment of the court below be affirmed with 10 per cent. damages for delay.
We think this record requires us to hold that the plaintiffs in error sued out the writ of error herein for the sole purpose of delaying the execution of the judgment in the court below.
On the eve of the trial of the court below, and nearly a year after they had been served with citation, they for the first time filed an answer asking that the vendee of Sam J. Adams, and other parties asserting a claim to the land, be made parties to the suit.
Hill C. Adams was not, under the allegations of defendants' answer, a necessary party to this suit, and the court properly refused to delay the trial of the cause for the purpose of allowing defendants to have him made a party, conceding that he was a proper party. Foster v. Powers,64 Tex. 249.
It is also well settled that a vendee who has accepted a deed with general warranty from his vendor cannot defeat the payment of purchase-money notes given by him by merely showing an adverse claim to the land by a third party. In such case, the contract of sale being an executed contract, the vendee cannot successfully defend against a suit for the purchase money without showing that the title has failed in whole or in part, that there is danger of his eviction, and that he had no knowledge of the alleged defects in the title at the time he purchased. Brock v. Southwick, 10 Tex. 65; Cooper v. Singleton, 19 Tex. 260, 70 Am.Dec. 333; Johnson v. Long, 27 Tex. 21; Haralson v. Langford,66 Tex. 113, 18 S.W. 339.
Under this rule it is perfectly clear that the exceptions to defendants' plea in the lower court setting up adverse claim to the land by J. J. Allums and the heirs of Lewis T. Ferguson were properly sustained.
As before stated, no exception was taken in the court below to this ruling, and no statement of facts was prepared by the defendants, or at least none has been sent up with the record, and there is nothing in the record to indicate that defendants in the court below had any defense to the suit. They have failed to prosecute their writ of error by filing briefs in this court. We think no other reasonable conclusion can be drawn from the facts shown by the record than that the writ of error was sued out for delay, and this abuse of the right of appeal entitled the defendant in error to an affirmance of the judgment of the court below with 10 per cent. damages. Sayles' Civ. St. art. 1024; Grier v. Powell,14 Tex. 321; Marx v. Brown, 42 Tex. 111; Granberry v. Jackson,132 S.W. 508, recently decided by this court.
It is therefore ordered that the judgment of the court below be affirmed, with 10 per cent. damages for delay.
Affirmed, with damages.