## HERRON v. HARBOUR.

No. 6171.   Opinion Filed February 15, 1916.

Rehearing Denied April 5, 1916.

(155 Pac. 506.)

PLEADING—Vendor and Purchaser—Action on Purchase-Money Notes —Failure of Title—Offer to Reconvey—Demurrer to Evidence. (a) Where land has been sold and conveyed to a party with covenants of warranty and notes taken in payment for same, for the vendee to defend against an action for the collection of the notes on the ground of failure of title, the answer must contain an offer to reconvey. (b) Where the answer does not contain an offer to reconvey, the same is so defective, when challenged on that account for the first time by an objection to the introduction of evidence, it is error not to sustain the objection.

(Syllabus by Mathews, C.)

*Error from District Court, Oklahoma County;*

*W. R. Taylor, Judge.*

Action by T. J. Herron against J. F. Harbour. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*Wilson, Tomerlin & Buckholts,* for plaintiff in error.

*Everest & Campbell,* for defendant in error.

Opinion by MATHEWS, C. This was an action for a recovery upon promissory notes given for the purchase price of a tract of land. The defense interposed against the notes was a failure of title to the land. Plaintiff sold the

land to defendant and executed to him a warranty deed therefor. The defendant claims that no title to the land was ever vested in plaintiff, hence a failure of consideration for the notes sued on. There was no offer of reconveyance by defendant, either in the pleadings or in the proof. No demurrer was filed against the answer, but at the beginning of the trial, the burden being upon defendant, the plaintiff interposed the following objection:

"The plaintiff objects to the introduction of any evidence on the part of the defendant in substantiation of the allegations of the answer, and in support of his objection states that the answer does not. state facts sufficient to constitute a defense against the plaintiff's cause of action, nor does the answer show therein any defense on account of breach of warranty, nor does defendant by his answer show that he has conformed with the law in regard to conditions precedent to any breach of warranty or to any action upon a breach of warranty. * * * "

The above objections were overruled, and at the close of plaintiff's testimony the sufficiency of the same was challenged by demurrer, which was also overruled. We are here confronted with the proposition whether or not the answer, not containing an offer to reconvey, was fatally defective. As the plaintiff did not challenge the same by demurrer, every intendment must be resolved in favor of the sufficiency of the answer, and it must be held good unless an offer to reconvey is one of the essential requisites in. the defense interposed by defendant.

In the case of *Howe et al. v. Martin et al.*, 23 Okla. 561, 102 Pac. 128, 138 Am. St. Rep. 840, it is said:

"A person induced by false and fraudulent representations to purchase or exchange for property has three remedies. He may, first, upon discovery of the fraud,

rescind the contract absolutely, and sue in an action at law, and recover the consideration parted with upon the fraudulent contract, and in such a case he must restore, or offer to restore, to the parties sued whatever he has received by virtue of the contract; or, second, he may bring an action in equity to rescind the contract, and in such a case it is sufficient for plaintiff to restore, or make an offer in his petition to restore, everything of value which he has received under the contract; or, third, he may affirm the contract, retain that which he has received, and bring an action at law to recover the damages sustained by reason of his reliance upon the fraudulent representations."

In case of a failure of title, even though no fraud appears in the transaction, the above excerpt is a correct statement of the available defenses to the purchaser. Both from the answer filed and from the evidence introduced by defendant at the trial, it is plainly apparent that he has not elected to proceed under the third remedy enumerated above, and it will not be contended that defendant has elected to confirm the sale and recover the damages incurred by reason of the failure of title. Undoubtedly the remedy selected by defendant was either the first or second enumerated above, and it matters not whether it betook of the nature of a law action, as in the first remedy above set out, or of the nature of an equitable action as in the second, because the very basis of each remedy is a restoration of what had been received under the contract.

We have been unable to find that our own courts have passed upon the exact question here presented, but the principle involved is laid down in the case of *Pugh v. Stigler*, 21 Okla. 854, 97 Pac. 566, where it is said:

"A vendee, having a bond for title and in possession of the land, may resist the payment of the purchase money

when the title of the vendor has failed, but must, in order to avail himself of that defense, offer to rescind and restore the premises to the vendor."

In the last case cited there is quoted with approval the following excerpt from 18 Ency. Pleading & Practice, 829:

"In suits for the rescission and cancellation of contracts the court applies the familiar maxim of equity, of almost universal application, that he who seeks equity must do equity. The plaintiff will not be permitted to repudiate his contract and still retain the benefits which he has derived from it, and his desire and willingness to restore what he has received must appear in the bill or complaint; otherwise, he will have no standing in a court of equity."

In the case of *Zufall v. Peyton*, 26 Okla. 808, 110 Pac. 773, the contention of the plaintiff in error, which was there approved by the court, was:

"A vendee, having received a deed and the possession of land, cannot resist the payment of the balance of the purchase money, when the title of the vendor has failed, and cannot avail himself of that defense, unless he offers in his pleadings to rescind the contract and restore the premises to the vendor."

Each of the two cases last cited above holds that where the title fails, in order for the vendee to defend against the payment of the balance of the purchase money, he must place the vendor *in statu quo,* and if he has received a deed and gone into possession he must not only restore possession, but must also rescind the contract, and most certainly in order to effectively rescind the contract there must be a reconveyance of the property which has been deeded to him under the contract. To the same ef-

fect is *Joiner et al. v. Ardmore Loan & Trust Co.*, 33 Okla.
266, 124 Pac. 1073:

"Where, on a trial of an action to recover unpaid pur-
chase money for lands conveyed under deed or general
warranty, the title to which has wholly failed, the obligors
plead such failure of consideration and tender a reconvey-
ance, they are entitled to recover in such action any por-
tion of the consideration paid, under the doctrine that
money may be recovered by the owner from another
wherever in equity and good conscience the latter has no
right to retain it."

Section 986, Rev. Laws 1910, throws some light on
the subject, and as far as applicable, it is as follows:

"Rescission, when not effected by consent, can be ac-
complished only by the use, on the part of the party re-
scinding, of reasonable diligence to comply with the fol-
lowing rules:  *  *  *  Second.  He must restore to the
other party everything of value which he has received
from him under the contract; or must offer to restore the
same, upon condition that such party shall do likewise,
unless the latter is unable, or positively refuses to do so."

See *Martin v. Spaulding et ux.*, 40 Okla. 191, 137
Pac. 882.

We find the above rule uniformly sustained in other
jurisdictions:

"Where such original agreement was made in con-
sideration of a debt owing by the party executing it to
the party to whom the land was to be conveyed, and the
latter, after accepting the deed, desires to sue for a re-
covery of such debt, he must first tender a reconveyance
of the land before he can properly institute such a suit.
He cannot be permitted to retain the deed and also re-
cover a judgment for the debt to satisfy which it was
made." *(Adam Vroman v. Sidney Darrow*, 40 Ill. 171.)

"It is a universal rule that when a party seeks to recover back money paid upon a contract, on the ground that such contract is void for fraud, or that it has been rescinded, such party must restore, or offer to restore, whatever he has received under the contract, so as to put the other contracting party *in statu quo.* And in order to put the parties *in statu quo,* whatever may be valuable to the defendant must be restored to him, though it be of no value to the plaintiff. Accordingly held, that before an action could be sustained, to recover the consideration paid for land sold to the plaintiff by the defendant, and conveyed by deed with covenants of warranty, on the ground of a failure of title, the plaintiff must execute to the defendant a reconveyance of the land, or offer to do so." *(Moyer v. Shoemaker,* 5 Barb. [N. Y.] 319.)

The case of *Ogburn v. Whitlow,* 80 Tex. 239, 15 S. W. 807, is in point. There the suit was brought by appellee upon promissory notes executed by the appellant and to enforce a vendor's lien. The defendant answered, admitting the execution of the notes, and that they were given for part of the purchase money of the land described in plaintiff's petition. The defendant further pleaded that plaintiff made to him a deed for the land with general warranty, and expressly reserving a vendor's lien; that after the delivery of the deed, and before the notes matured, defendant, through the aid of counsel employed by him to examine the title, discovered that plaintiff's title was defective, and so informed him. The court having sustained a demurrer to defendant's answer, upon appeal it was held:

"The following language used in the case of *Demaret v. Bennett,* 29 Tex. 268, is applicable: 'A purchaser who has gone into possession under a deed with warranty, without any notice of a defect in the title, may resist the payment of the purchase money, by showing his title to

be worthless, and the existence of a superior outstanding title, by actual ouster, or, what is tantamount to the same, an indisputable superior outstanding title, and that he is liable to be evicted. "He must return the possession of the premises and the deed for cancellation." *Smith v. Nolen,* 21 Tex. 497.' The answer in the case before us contains no offer to reconvey the land or restore its possession to the vendor, and for these omissions the answer was subject to the demurrer."

In the case of *Moore v. Vogel,* 22 Tex. Civ. App. 235, 54 S. W. 1061, it is said:

"This case has been followed and approved by a long line of cases. *Johnson v. Long,* 27 Tex. 21; *Haralson v. Langford,* 66 Tex. 113, 18 S. W. 339; *Demaret v. Bennett,* 29 Tex. 263; *Knight v. Coleman County* (Tex. Civ. App.) 51 S. W. 258. In the case of *Smith v. Nolen,* 21 Tex. 497, it is held that a purchaser, in order to resist the payment of the purchase money notes, must return the possession of the premises, and the deed for cancellation. In *Haralson v. Langford* the court say it is an equitable defense, and he who seeks equity must do equity. And in *Ogburn v. Whitlow, supra,* it is held that the defendant must offer to reconvey the land and restore the possession. Following the cases above cited, in the case of *Knight v. Coleman County* the court lays down the rule that, in an action against a purchaser to foreclose a vendor's lien on land sold by general warranty deed, defect of title is not available as a defense unless the defendant shows fraud, ignorance of defect, liability to eviction, insolvency of the grantor, and offers to return the deed for cancellation."

See 39 Cyc. 1853; *Cooper v. Singleton,* 19 Tex. 260, 70 Am. Dec. 333; *McDonald and Others v. Hyde and Others,* 23 Wis. 487; *Pearsoll v. Chapin,* 44 Pa. 9; *Wilson v. Breyfogle,* 63 Fed. 379, 11 C. C. A. 248.

Following the above cited and quoted opinions, we are irresistibly lead to the conclusion that an offer to reconvey

is one of the prime essentials in pleading an answer to a suit upon notes given in payment for land where the defense is based upon a failure of title. Not only is it necessary that the answer contain an offer to reconvey, but ordinarily there must be also an actual tender of a reconveyance deed at the trial, unless such a tender has in some way been waived. While the plaintiff should have raised this defect in defendant's answer by a demurrer to the same, yet as it was one of the necessary matters that should have been pleaded in the answer, we hold that it was not too late to challenge such a deficiency by the objection to the introduction of evidence. Even though raised at a time and in a way not looked upon with favor by our courts, yet the defect was so fatal to a complete defense that it was error not to sustain the objection. It would have been proper, when so raised, for the defendant to obtain permission to cure the defect by amendment, which the court should have granted upon request.

We recommend that the judgment be reversed, and the cause remanded.

By the Court: It is so ordered.