Opinion by
Will-son, J.
§ 783. Warranty of chattels; measure of damage for breach of; insufficient evidence of damage; case stated. Miles sold Patterson a car-load of wheat at $1 par bushel, the wheat to be delivered at Temple. The sale was made by sample. Patterson paid $125 for the wheat before receiving it. He claims that after receiving it he found, upon examination, that it was musty and greatly damaged, and far inferior to the sample. He notified Miles that it was damaged, and demanded his money back, and to come and get the wheat or he would grind it into flour and hold him responsible for damages. Miles did not get the wheat and did not pay back the money. Patterson ground the wheat into flour, and sold the flour after keeping it on hand about one year. He then brought this suit against Miles for damages for breach of warranty, and recovered judgment for $200 and costs. Held: In this case the proper legal measure of damages is the difference between the value of the wheat delivered and' the value of the wheat purchased, at the time and place of delivery. [W. & W. Con. Rep. §§ 189, 227, 889; Stark v. Alford, 19 Tex. 260.] The evidence *688 wholly fails to show what this difference was. Appellee testified that he had been damaged in the transaction more than $200, but this statement is too general and indefinite to form the basis of a judgment. It is not shown how much of the wheat was damaged. Some of it was good, some was bad; but the proportions of good and bad, appellee could not state. He exchanged the flour, he says,.for “chickens, chips and whetstones,” but cannot state the value of the articles he received in exchange. It was mere guesswork to render judgment in his favor for $200 upon this character of evidence. There was no evidence by which any damages could be legally estimated and awarded. [Ante, §§ 162, 288; W. & W. Con. Rep. §§ 861, 1109.]
June 24, 1885.
Reversed and remanded.