**THORNTON et al. v. ROSS et al.    (No. 936.)**

(Court of Civil Appeals of Texas. Beaumont. June 25, 1923.)

Vendor and purchaser ⊙⟳341(3)—Exclusion of evidence on an issue as to fraudulent representations as to incumbrances held error.

In an action to recover money paid under an executory contract for the purchase of realty on the ground that such contract had been induced by false representations that the property was free from incumbrances, the exclusion of evidence establishing that the property was subject to a deed of trust securing a note, because plaintiffs had not pleaded that defendants were insolvent and because the existence of the incumbrance was a matter of record, *held* reversible error.

Appeal from Harris County Court; Roy F. Campbell, Judge.

Action by Ollie E. Thornton and another against J. O. Ross and another. From judgment for defendants, plaintiffs appeal. Reversed and remanded.

Stevens & Stevens, of Houston, for appellants.

J. B. Ross and A. R. & W. P. Hamblen, all of Houston, for appellees.

HIGHTOWER, C. J. This suit was filed by the appellants, Ollie E. Thornton, joined by her husband, A. N. Thornton, as plaintiffs below, in one of the county courts at law of Harris county, against the Ross Properties, some character of an association, and J. O. Ross, its manager, to recover $500 that plaintiffs had put up with defendants as earnest money to bind them to the performance of an executory contract in writing, by the terms of which they had agreed to purchase from the Ross Properties lot No. 11 in block

No. 27, on the south side of Buffalo Bayou in the city of Houston; and in the alternative plaintiffs sought to recover $500 as damages as for fraud and deceit practiced upon them by defendants.

The executory contract for the sale and purchase of the lots is as follows:

"The State of Texas, County of Harris.

"This memorandum of agreement made and entered into this the 1st day of July, A. D. 1920, by and between the Ross Properties, as same is designated under that certain declaration of trust dated Houston, Tex., November 27, 1917, acting by and through J. O. Ross, managing trustee, hereinafter styled seller, and Mrs. Ollie E. Thornton joined pro forma by her husband, A. N. Thornton, hereinafter called purchaser, all of Harris county, Tex., witnesseth:

"I. For and in consideration of the sum of $15,500.00 to be paid in the manner hereinafter stated, by the purchaser to the seller, the said seller has contracted, and does hereby contract to sell and convey unto the purchaser, and the purchaser has agreed and does agree to purchase and pay for in the manner hereinafter stated, the following described property, to wit: All of that certain lot being lot No. 11 in block No. 27 on the S. S. B. B., in the city of Houston, Harris county, Tex., and fronting 5⅝ feet on Congress avenue and running back between parallel lines for a distance of 123 feet together with all improvements thereon and being known as 1512 Congress avenue, and being 538 on and 524 in the rear.

"II. Of the consideration herein mentioned the sum of $1,250.00 has been paid in cash the receipt of which is hereby acknowledged and confessed and the remaining balance in the sum of $14,300 to be paid as follows, to wit:

"The sum of $250.00 to be paid each and every month with 8% interest per annum payable monthly until the total remaining balance mentioned above is paid in full. The seller agrees to convey the above-described property by a general warranty deed when and as soon as one-half of the agreed price of $15,500 shall have been paid with interest.

"III. Purchaser agrees to pay all taxes levied or assessed against said property from and after this date, when and as soon as the same becomes due and payable and before they become delinquent and shall keep said premises well insured in the seller name as his interest shall appear as well as repairs.

"IV. It is mutually agreed and understood that in the event of failure of the purchaser to promptly make any installment of interest or principal and to keep said premises insured and to keep up the repairs as set out above, when and as same become due, then in that event the seller shall have the option to declare this contract due and forfeited thereby nulling same, or at the option of the seller, they may have the right to enforce this contract and proceed to collect as is set out in the statutes of this state for the collection of vendors' liens, and retain all previous payments as a reasonable rent for the use and occupancy of the above-described from the date of such forfeiture, should any occur.

"V. The seller agrees to convey the said property by a general warranty deed to purchaser, her heirs or assigns, when and as soon as one-half of the total consideration with interest stated above shall have been paid, and the seller agrees to furnish an abstract to above-mentioned property upon delivery of deed and if any clouds are found the seller shall have 30 days in which to perfect same. But in the event that any clouds are found and same cannot be removed, then in that event the total amount paid by purchaser shall be returned. The Ross Properties, J. O. Ross, Managing Trustee, Seller. Mrs. Ollie Thornton, A. N. Thornton, Purchaser."

Plaintiffs alleged, in substance, that as an inducement to them to enter into the contract for the purchase of the lot mentioned, defendants represented to them that the same was free from liens and incumbrances of any nature; that defendants further represented to them that the annual taxes on the lot amounted to only $135; that both such representations were false and were fraudulently made; that plaintiffs believed such representations to be true as made, and acted upon the belief of their truth in entering into the contract of purchase, and would not have made the contract but for such representations and the belief on their part in their truth.

Defendants answered by general demurrer and general denial, and pleaded other matters which are not necessary to further mention, in view of the action of the trial court and the nature of the assignments here.

The record reflects no action upon the general demurrer; but when the case proceeded to trial with a jury, the trial court declined to permit the plaintiffs to make proof of the alleged false representations made by defendants, and that they were induced thereby to make such executory contract, which action of the court is reflected by proper bills of exception, and, after rejecting such tendered proof, instructed the jury to return their verdict for the defendants.

The action of the trial court in rejecting the proof tendered by the plaintiffs to sustain their allegations of fraud on the part of defendants clearly was error, for which the judgment must be reversed.

The contract for the purchase and sale of the property in question was unquestionably executory in character, and if Thornton and his wife were induced to execute it by the alleged false representations on the part of the Ross Properties, or its authorized agent, that the lot in question was free from incumbrances, as alleged, and such representation was false, actual fraud was thereby perpetrated upon Thornton and wife, and no court of equity would compel specific performance by them of the contract, or deny to them appropriate relief, because of such fraud. Cooper v. Singleton, 19 Tex. 260. 70 Am. Dec. 333; Green v. Chandler, 25 Tex. 149; Norris v. Ennis, 60 Tex. 83; Moore v.

Cross (Tex. Civ. App.) 26 S. W. 122; Spencer v. Sandusky, 46 W. Va. 582, 33 S. E. 221.

The plaintiffs offered to prove by the Harris county records that lot No. 11 in block 27 mentioned in the executory contract between the parties at the time of such contract was incumbered by a deed of trust executed by the Ross Properties to secure a note of $11,000. It, was not denied by defendants that this lien existed upon the lot. Their objections to the introduction of the evidence were, in substance: First, that it was not alleged by the plaintiffs that the defendants were insolvent; and, second, that the existence of the incumbrance on the lot was a fact disclosed by the records of Harris county, and that plaintiffs could not have been deceived by any representation that the lot was not incumbered. Neither of the objections was tenable, and both should have been overruled. As to the first objection interposed by defendants in this case to the tendered evidence, Moore v. Cross, supra, is direct authority that the objection was untenable. From the syllabus, which will reflect the holding, we quote as follows:

"A purchaser's right to cancellation of a purchase induced by fraudulent·representations is not dependent on insolvency of the seller or the fact that he may or may not have a remedy at law for damages."

And as to the other objection to the tendered evidence, appellees have cited no authority sustaining, and we have found none. On the contrary, all authorities seem to agree that where the contract for the sale and purchase of realty is wholly executory and its execution by the purchaser is induced by false and fraudulent statements on the part of the vendor that the property is free from incumbrances, etc., a court of equity will not compel specific performance by the purchaser, nor deny to him appropriate relief.

The judgment of the trial court is reversed, and the cause remanded.