Wheeleb, J.
The proof shows a contract of purchase, and a conveyance subsequently executed with warranty of title and possession. The defendant accepted the conveyance with a knowledge of the defect of title. He was put upon inquiry, and was informed that the title was defective. He nevertheless made the purchase and accepted the conveyance without, objection; relying, doubtless, upon his chances to perfect the title, or upon the security afforded by the covenants in his deeds of conveyance. It is fair to conclude that he considered his purchase worth, or that he was willing to give, the stipulated price, notwithstanding- the defect of title; or that lie chose to take the chances as to the title, and have his recourse upon the covenants in his deeds in case of eviction. There is no evidence of misrepresentation or fraud practiced upon him. He took and has retained possession under his purchase.
Can he under these circumstances withhold the payment of the purchase-money? We think clearly not. Had tlie defendant been deceived as to the title he acquired by the fraud of the vendor, or had he been ignorant of the defect of title, a very different ease would have been presented'! But when he made the purchase and accepted the conveyance with a knowledge of that defect, lie must, we think, he deemed to have waived the objection.
In its application to the evidence in tlie case there was, we think, no error in the instructions given; and we are of opinion that the judgment be affirmed.
Judgment affirmed.
Note 11. — Claiborn u. Goeman, IS T, 44; Fortson v, Caldwell, 17 T., 027; Cooper v. Singleton, 19 T., 260; see Perry v. Rice, post 3(57.
Where a party purchased land to which there is a superior outstanding title, the reasonable *35 inference, in Mío absence of anything to tho contrary, is that he was led to believe the right was in hi* vender. And in an action on a note *«iven for the purchase money of such land, when tho doiVn.iant proved liis purchase, and a superior outstanding title of which he could not have had knowledge, and when there can be no inference from the evidence that lie had knowledge <>t outstanding title, or the want of title in liis vendor, he is entitled to his defense of a total failure of consideration, and upon rescoring posse?.; ion and the deed to have the contract and the money he had'paid refunded. (Sniilh v. Nolen, ¿1 T.,490; Deinaret v. Bennetl, 29 T., 202; Bryan v. Johnson, 89 T., 81; Herron r. Do Bard, 2-1 T., 181; Johnson v. XiOn27 T., -1; May v. Taylor, 27 T.. 120; Tooke r. Bonds, 29 T. no.) .Tho vendee m an execu-tory contract may sot up the defocts of tibio as a defense against tho recovery of the purchase money, and is not bound to allege liis ignorance of these delects at the time of sale. It is for the plainíiíí’to reply and prove knowledge of the condition of the title by the defendant. (Taul v. Bradford, 20 T., 201; Hurt v. M. Reynolds, 20 T„ G95; Littlefield v. Tinsley, 22 T., 259: (dreen v. Chandler, 25 1\, 148; Baldridge u. Cook, 27 T., GG5; Littlefield v. Tinsley, 26 T., 353.