## WILLIAM R. HERRON v. E. J. DE BARD.

If a vendee plead, as a failure of consideration, to a note given for the purchase-money of certain lots, that there existed a mortgage, and outstanding title to the same, in another party, at the time of the purchase, it is defective, if it do not aver that the vendee, at the time of the purchase and execution of the deed, had no notice of such incumbrance and outstanding title.

APPEAL from Ellis. Tried below before the Hon. Nat. M. Burford.

This was a suit brought by E. J. De Bard against W. R. Herron, on two promissory notes, given for the purchase-money of certain lots in the town of Tellico, sold by the plaintiff to the defendant, which were then conveyed by deed, with a warranty of the title.

The defendant pleaded a failure of the consideration for which the notes were given, because, the plaintiff had no title to the land, at the date of the sale, and had not since made good his title to the land. That when the plaintiff executed to him his deed, there was a valid outstanding mortgage upon the lots, from Thomas H. McCray to Mrs. E. J. Lewis, of a date anterior to the date of notes and deed, as shown by exhibits attached to the pleadings; the mortgage, bearing date the 30th of January, 1858, and the deeds and notes, October 23d, 1858. The plea alleged, that the mortgage was then in full force and effect; that a suit was pending to foreclose the same; and that the title was yet outstanding, in Mrs. McCray, who claimed the same, under the homestead exemption, and was asserting her claim to the land.

The plea did not allege, that the defendant had no notice, actual or constructive, of the mortgage, or outstanding title, at the date of his deed from the plaintiff; and that cause, among others, was set forth, in the plaintiff's exceptions to the plea; which were sustained. A jury was waived, the cause submitted to the court, and judgment for the amount due on the notes, $440.15.

*Ferris & Nicholson,* for the appellee.

ROBERTS, J.—The plea of failure of consideration, is defective, in not stating that the vendee, at the time of the purchase, and the execution of the deed, had no notice of the alleged incumbrance and outstanding title. (Cooper v. Singleton, 19 Texas Rep. 266.) The court did not err in sustaining the exception to the plea.

Judgment affirmed.