Opinion delivered May 31, 1887.

---

No. 5634.

## H. L. MAY *v.* RUFUS IVIE, ADMINISTRATOR.

1. PURCHASER—WARRANTY—NOTICE.—A purchaser who receives a deed with general warranty of title, having at the time knowledge of a defect of title, can not resist the payment of the purchase money on the ground that such defect exists. Thus one claiming under such a deed, with notice, can not avoid the payment of a purchase money note, given by him for land, the deed to which was received by his vendor during the continuance of the marriage relation between such vendor and his wife, who afterwards died, leaving children, and which was sold by said vendor after her death.

APPEAL from Montague. Tried below before the Hon. F. E. Piner.

*Rugely & Huff,* for appellant, on their proposition, that a deed in which a lien is reserved to secure payment of the unpaid purchase money is evidence of an executory contract, cited Baker v. Compton, 52 Texas, 252; Baker v. Ramey, 27 Texas, 52; Roosevelt v. Davis, 49 Texas, 472; Peters v. Clements, 46 Texas, 115.

On their proposition that a vendee, in an executory contract, may set up defects of title as a defense against the recovery of

the purchase money, and is not bound to allege his ignorance of these defects at the time of the sale; that it is for plaintiff to reply and prove knowledge of such defects by the defendant, they cited Taul v. Bradford, 20 Texas, 261; Hurt v. McReynolds, 20 Texas, 595; Littlefield v. Tinsley, 22 Texas, 259; Littlefield v. Tinsley, 26 Texas, 353; Green v. Chandler, 25 Texas, 148; Baldridge v. Cook, 27 Texas, 565.

On his proposition that defendant, alleging failure of title in part, in a suit for purchase money, need not offer to restore possession to the vendor; it is his right to take what the vendor can convey, and have abatement of price to the extent of the failure of the title, they cited Copeland v. Gorman, 19 Texas, 253; Mitchell v. Zimmerman, 4 Texas, 75.

*Stephens, Matlock & Herbert,* for appellee, on their proposition that when the vendee gives his note for purchase money, and takes a deed with general covenants of warranty and there is no fraud on the part of the vendor, nor ignorance on the part of the vendee, as to a defect in the title, the vendee can not successfully resist the payment of the note for purchase money, unless he has been evicted, and proof of a paramount title outstanding in a third person is no defense, they cited Brock v. Southwick, 10 Texas, 68; Cooper v. Singleton, 19 Texas, 263; Flanagan v. Ward, 12 Texas, 209; Baldridge v. Cook, 27 Texas, 570; Lemmon v. Hanley, 28 Texas, 222; Tooke v. Bonds, 29 Texas, 419; Taylor v. Johnston, 19 Texas, 352; Woodward v. Rodgers, 20 Texas, 177; Stillman v. Canales, 39 Texas, 411; Preston v. Breedlove, 45 Texas, 49.

STAYTON, ASSOCIATE JUSTICE. Appellee as administrator of the estate of John Ivie, deceased, brought this action to recover on notes given to the latter by Compton to secure the purchase money for a tract of land, and to foreclose the lien on the land. John Ivie sold the land to Compton and executed to him a deed with general warranty, reserving in the face of the deed a lien. Compton and wife conveyed the land to May by a deed with general warranty, the latter assuming the payment of the notes sued on.

As a defense May alleged that John Ivie was a married man at the time he acquired title to the land, and that his wife died, leaving children prior to the time the land was sold to Compton. The answer further alleged that there was no administra-

tion on the estate of Mrs. Ivie by the husband as survivor or otherwise, but that Compton knew the condition of the title at the time he bought, as did May, at the time he bought from Compton, and to avoid the effects of these facts, the answer alleges that at the time Compton bought his vendor "promised said Compton that he, said intestate, would apply to the proper court and have such orders and decrees entered up as were necessary to ratify and confirm such sale," of all of which May alleges that he had knowledge, and that he relied upon it at the time he bought from Compton. These matters are all relied upon to show failure of title to one-half of the land.

The court sustained a demurrer to this part of the answer, and this is assigned as error.

There is no clear averment that the land was community property, which would seem to be a proper averment in a case in which one in possession under a deed with general warranty seeks to avoid the payment of a note given for the purchase money of land on the ground of failure of title. The land may have been the separate estate of John Ivie, though bought during marriage, and such a defendant ought not to rely upon the presumption of a fact which he does not allege to be true. If, however, the land was community property, and this had been alleged, still the court did not err in sustaining the demurrer.

This case is very similar in its facts to that of Brock v. South-wick, 10 Texas, 65, in which it was held that one who purchases through a deed with general warranty of title, having knowledge of a defect in the title at the time of purchase, can not resist the payment of the purchase money on the ground of the defect in the title, of which he had knowledge. In that case, as in this, it was alleged that the vendor had contracted through another to procure for the vendee a perfect title.

The case of Cooper v. Singleton, 19 Texas, 262, was also very similar in its facts to the case before us, but in that case this court asserted the same rule as in Brock v. Smithwick, and, in considering the sufficiency of the answer, in so far as it set up title in the heirs to community property, which had been sold by the father after the death of the mother, this court said: "There has been no administration on the estate of Mrs. Crisp, as is averred, and in a limited sense it is true that her heirs are entitled to one-half of the land. But their interest may be subject to great modifications, and may be altogether excluded. They are entitled truly to the half of such portion of the common property

as may remain after the payment of the debts of the community. There may be also a large community property in addition to the land in controversy. If such be the fact, the portion of the heirs of the wife may be satisfied out of the other assets, and this being assigned to the vendor as his share of the common property, would inure to the benefit of his vendee, the defendant. The plea should have averred the condition of the community estate."

This rule is a reasonable one in this class of cases, and had the appellant and his immediate vendor not had notice of the defect in the title, which he now attempts to set up, the demurrer would have been properly sustained for the want of full averments of the amount, character and condition of the community estate owned by John Ivie and his wife.

There is no error in the judgment, and it will be affirmed.

*Affirmed*