## No. 2246.

## A. A. Neyland v. Cornelia Neyland.

PURCHASER, VENDOR AND VENDEE.—A purchaser of land in possession under deed with covenant of warranty from several vendors, one of whom only is alleged to be insolvent, can not be relieved against a claim for unpaid purchase money unless there was fraud in the sale perpetrated by the vendors at or before the sale, or a defect in the title not known to him when he purchased.

APPEAL from Jasper. Tried below before the Hon. William H. Ford.

*W. W. Blake,* for appellant.

The court erred in his judgment sustaining plaintiff's general demurrer to defendant's plea of failure of consideration. Rodgers v. Daily, 46 Texas, 578; Palmer v. Chambers, 47 Texas, 332; Tarpley v. Poage's Administrator, 2 Texas, 147; Cook v. Jackson, 20 Texas, 210; Taylor v. Merrell, 64 Texas, 496; Story on Contracts, sections 480, 481, 482; Steinhur v. Witman, 1 Sergeant & Rawle, 538; Hart v. Porter, 5 Id., 204; Welsh v. Watkyns, 1 Haywood, 369.

*Lipscomb Norvell,* for appellee: In a plea of failure of consideration, when defendant is in possession of the premises under a deed with general warranty and would resist the payment of the purchase money on the ground of defect of title to a portion of the land, he must show that he is in danger of eviction by a superior outstanding title, of which he had no notice at the time of the purchase, and he must plead the superior outstanding title specially. Cooper v. Singleton, 19 Texas, 260; Woodward v. Rogers, 20 Texas, 176; Fortson v. Caldwell, 17 Texas, 628; Brock v. Southwick, 10 Texas, 65.

ACKER, JUDGE COMMISSION OF APPEALS. On the twenty-third of February, 1881, Cornelia A. Neyland, widow of William. M. Neyland, and two of her three children by her deceased husband, executed a deed of conveyance, with covenant of warranty, to A. A. Neyland for forty acres of land, the homestead of herself and deceased husband, the deed reciting full payment of the one thousand dollars purchase money.

It seems that, in fact, the entire purchase money was not paid at the time the deed was executed, and on December 10, 1881, appellant executed and delivered his note to the appellee for five hundred and sixteen dollars and forty-five cents, in which it was recited that it was given for part of the purchase money for the land conveyed by the deed of February 23, 1881, and expressly acknowledged the existence of the vendor's lien as security for the payment of the note. The note was not paid at maturity, and this suit was brought to obtain judgment and foreclose the lien upon the land. Appellant answered, under oath, that the land was the homestead of appellee and her deceased husband, who left surviving him three children, and was all the property belonging to their community estate; that Alice Beaty, one of the three children, was absent at the time the deed was executed, and was not a party to the transaction; that the note was executed in consideration of a promise and agreement made by appellee at the time, that she would secure the signature of Alice Beaty to a conveyance of her interest in the land; that said promise and agreement were made with intent to defraud him, and that he, relying thereon, executed the note; that appellee has failed to procure the conveyance from said Alice, and she refuses to execute the same; that the failure of title to Alice Beaty's interest in the land renders it almost worthless for his purposes; that appellee is insolvent, and his remedy on the covenant of warranty would be wholly inadequate; that he purchased the land for a homestead, and went into immediate possession after the execution of the deed, and is still in possession. "Wherefore he says that the consideration for which said note was given has failed." Appellee presented a general demurrer to appellant's plea of failure of consideration, which was sustained, and appellant excepted.

The only assignment of error raises the question of the correctness of the ruling of the court in sustaining the demurrer. The plea does not aver a want of knowledge of defect in the title at the time of the purchase, nor does it state when the defect came to his knowledge. He alleges that the appellee is insolvent, but does not allege that the other two vendors are insolvent. The circumstances recited in the plea indicate that he was as well advised of the defect in the title and the insolvency of the appellee at the time he purchased as he was at the time he executed the note. He admits that he is in possession of the land under a deed with warranty. He does not allege

that there were fraudulent representations, or even conceal-
ment, on the part of his vendors at the time he purchased.   He
certainly should aver that he did not know of the defect at the
time of his purchase, and also allege the insolvency of all of
his vendors.   Being in possession under a deed with covenant
of warranty, appellant can not be released from payment of
the purchase money unless there was fraud on the part of his
vendors, at or before the sale, or in case of defect in the title
not known to him at the time he purchased.   We do not here
decide that insolvency of vendors alone would release him.
(Cooper v. Singleton, 19 Texas, 266.)   The only evidence intro-
duced upon the trial was the deed to appellant, and his note to
appellee.

We conclude that the court did not err in sustaining the de-
murrer and rendering judgment for appellee, and we are of
opinion that the judgment of the court below should be af-
firmed.

*Affirmed.*

Opinion adopted February 14, 1888.