## W. H. BLANKS v. FRANK RIPLEY AND WIFE.

### No. 872.

1. **Failure of Consideration—Vendor and Vendee.**—Suit upon a note executed for balance due on a purchase of a tract of land and for foreclosure of vendor's lien. Defendant alleged that a material consideration in his purchase was a three-fourths interest in an irrigation ditch which extended to the land, and which the vendor claimed to own and which was conveyed to defendant; that he was ignorant of the facts, and relied upon the representations of the vendor; and that the title to the irrigation ditch had failed—being held by superior title. *Held*, that the facts so pleaded entitled defendant to an abatement in the purchase price.

2. **Practice.**—The plaintiffs were nonresidents, and it appearing that a material part of the consideration for which the notes sued on were given had failed, the court should have granted relief to the extent of such failure.

APPEAL from Tom Green. Tried below before Hon. J. W. TIMMINS. The opinion gives a full statement.

*B. W. Rimes*, for appellant.—The facts show that the note sued on was given in part purchase for the three-fourths interest in the irrigating ditch, the title to which had failed, and entitled defendant, he having already paid appellees $3250 on said land, to interpose his plea of failure of consideration of said note, as appellees were beyond the jurisdiction of the court, and had no property in this State. Cooper v. Singleton, 19 Texas, 260; Marlow v. King, 17 Texas, 177; Stewart v. Insall, 9 Texas, 397; 22 Texas, 282; 16 Texas, 515.

No brief for appellees reached the Reporter.

COLLARD, ASSOCIATE JUSTICE.—Suit by appellees against appellant on a note executed by the latter to the former for $750, and asking foreclosure of vendor's lien upon land described for which the note was given. Defendant below set up partial failure of consideration.

The facts alleged and substantially proved by defendant are as follows: He purchased the land and lots from plaintiffs, and a three-fourths undivided interest in an irrigating ditch, known as Waste Water ditch, running through other surveys numbers 726, 727, and 728, and across part of the land sold, for $4000, of which $2500 were to be paid down in cash, and the balance in two notes of defendant for $750 each; plaintiffs to make deed with general warranty. A warranty deed was executed by Ripley and wife, conveying the land, but Blanks not having the money, the deed was left with one John Gibbons, to be held until the 20th day of October, 1890, at which time defendant was to pay the money and execute his notes, and in case he failed to pay the money cash payment, the sale was to be annulled. Defendant procured the $2500 within time, was ready to comply with his contract, and demanded the deed. He then for the first time saw the deed, and found that it failed to convey the interest in the ditch, according to

the contract. He refused to accept the deed unless the interest in the ditch was included. To meet the objection, and to obviate the necessity of rewriting the deed, a separate deed was made by plaintiffs to defendant for the interest in the ditch, with warranty, reciting a nominal consideration. He accepted the deeds, paid the $2500, and executed the notes, one of which has been paid, the last one due being the one sued on.

Defendant pleads, that plaintiffs falsely represented to him that they had a good title to the interest in the ditch sold to him; that he was not acquainted with the land titles in Irion County, where the land was situated, and, reposing the utmost confidence in the representations of plaintiffs as to the validity of their title to the three-fourths interest in the ditch, relied upon the same and went forward in good faith and concluded the purchase; "that plaintiffs' title to said interest in said irrigating ditch is fatally defective, and has failed; that one John Thomas, —— Stinebough, and others are now in possession of the ditch, claiming and holding the same under and by virtue of a superior title to that of plaintiffs to defendant, and have deprived defendant of the use and benefit of any and all water flowing through it." He alleges that the main consideration inducing him to purchase the premises was the benefit to accrue to him from the water flowing through the ditch for irrigating his orchard and garden, and for agricultural purposes; that, by the failure of title and right to use the ditch, the premises purchased have been lessened in value the sum of $1500; wherefore he pleads failure of consideration of the note sued on, he having paid plaintiffs $3250, all the balance of the purchase price of the land.

There was a general demurrer to the plea, and special exceptions, because it was vague and indefinite; but it was not called to the attention of the court—at least it was not acted on. The issues were tried, and the court rendered judgment for plaintiffs for the amount of the note and foreclosed the lien upon all the land; from which judgment defendant has appealed.

Upon the question of failure of title to the ditch, the facts are as follows: One Thompson McDonald owned the land through which the Waste Water or Flathead ditch was constructed. It was a waste water ditch, into which the surplus water from the main ditch flowed. The owner of the land across which the ditch extended to the land sold by plaintiffs had given plaintiff Ripley verbal permission to cut the ditch across the land. Subsequently the owner sold off several small parcels of the land through which the ditch passed to different parties, and gave them warranty deeds to the tracts so conveyed running across and along the line of the ditch, including the land through which the ditch passed; but, at the time he sold off these tracts, he told all the parties—except John Thomas—that he had already given verbally to Ripley the right of way for the ditch across the land.

Defendant introduced deeds of Thompson McDonald, the owner of the land through which the ditch passed, to E. Brock, W. L. Locklin, and J. W. Thomas, conveying the land through which the ditch passed, except the deed to Thomas, the field notes of which did not reach or include the ditch; which deeds were executed prior to the deed of plaintiffs to defendant.

It was admitted that the above mentioned deeds from Thompson McDonald and wife, the original grantors, to the parties therein named, conveyed the land through which the ditch passed, with the exception of the deed to Thomas, the field notes of which did not reach or include the ditch.

It was proved that Thomas and Stinebough and others have, since defendant's purchase, asserted claims to the water flowing through the ditch, and have deprived him of the use of all the water passing through the same for the past year before the trial; that he had instituted suit in Irion County, where the land is situated, against Thomas to recover the right to the water.

Defendant proved, that the consideration prompting him to purchase the land was the water flowing through the ditch, and its use in irrigating his garden and orchard and for agricultural purposes; that some of his fruit trees have died for the want of water, and that if he is ultimately deprived of the use of the water, the value of the premises would be depreciated in the sum of $1500.

It was shown that plaintiffs live in California.

Defendant testified, that sufficient water passes through the ditch to water his garden and orchard, provided he was not prevented from using it. It was in proof that plaintiffs represented to him, as alleged, that they had a good and perfect title to the three-fourths of the ditch, and that he relied upon such representations in making the purchase.

Thompson McDonald testified, that the ditch never had furnished sufficient water "to do any good to Ripley in dry times, because the water was consumed by the parties on the main ditch above; that a one-fourth interest in the ditch or water right at the lower end sold several years ago for $40, and at that time there were fewer settlers on the main ditch, and consequently more water in the waste water ditch than has been since that time." He also testified, that the ditch was badly out of repair and would not convey water if it were there.

*Opinion.*—As the judgment of the court below must, in our opinion, be reversed, it becomes unnecessary to consider the assignment of error complaining of the court's ruling in refusing to continue the case.

The plea of partial failure of consideration should have been sustained. The facts stated make a case that entitles the appellant to relief, under the law as laid down in Cooper v. Singleton, 19 Texas, 261, and many other decisions in this State.

In the case cited, Chief Justice Hemphill uses the following language, which has been often quoted by the Supreme Court of the State with

approval: "The difference between the liabilities of a vendee under an executory and executed contract is this: that in the former he should be relieved by showing defect of title, unless on proof by the vendor that this was known at the sale, and it was understood that such title should be taken as the vendor could give. In the latter, the vendee should establish beyond doubt that the title was a failure in whole or in part; that there was danger of eviction; and also such circumstances as would prima facie repel the presumption that at the time of the purchase he knew and intended to run the risk of the defect."

In this case the contract was executed. Ogburn v. Whitlow, 80 Texas, 241; Tarpley v. Poage, 2 Texas, 139; Neyland v. Neyland, 70 Texas, 25; May v. Ivie, 68 Texas, 381; Haralson v. Langford, 66 Texas, 113; Estell v. Cole, 62 Texas, 700; Price v. Blount, 41 Texas, 475; May v. Taylor, 27 Texas, 128; Demaret v. Bennett, 29 Texas, 265; Herron v. De Bard, 24 Texas, 181; Smith v. Nolen, 21 Texas, 497; Marlow v. King, 17 Texas, 178; Luckie v. McGlasson, 22 Texas, 282.

Plaintiffs are beyond the jurisdiction of the court, and the facts proved by defendant satisfy every demand of the law. The title to the interest in the ditch is shown to have failed; that other persons own it, are in possession, and refuse its benefits to defendant. It is apparent from the proof that plaintiffs had no title thereto; that they misrepresented facts to defendant at the time of sale; that he relied upon their representations, and therefore was ignorant of the state of the title, and did not intend to assume any risk in reference thereto. A material part of the consideration of the purchase has failed, and he should be allowed an abatement of the price commensurate with the injury resulting from such failure.

The evidence was conflicting as to the value of the three-fourths interest in the ditch, but it must have had some value in itself and have enhanced the value of the land purchased to some extent. Defendant has paid $3250 of the purchase money, and should not be compelled to pay the balance in full. The court below was in possession of the facts, and should have done equity between the parties.

The judgment of the court below is reversed, and the cause remanded.

*Reversed and remanded.*