### C. L. DEALEY v. J. P. LAKE ET AL.

Decided October 22, 1910.

**1.—Vendor and Vendee—Warranty—Breach—Injunction—Pleading.**

In a petition for injunction to restrain the collection of notes given for the purchase money of land, it was averred that a suit of trespass to try title had been instituted and was then pending against plaintiff for the land for which the notes were given, but it was not averred that the title to the land had in fact failed in whole or in part, nor that plaintiff did not know of the alleged defect in the title at the time he executed the notes and intended to run the risk of said defect. Held, a temporary injunction was properly dissolved on motion to that effect.

**2.—Same—Executed Contract.**

A deed to land with a contemporaneous deed of trust by the vendee to secure the vendor in the payment of the purchase money notes, evidences an executed contract of sale although the vendor's lien was reserved in the deed by the vendor.

Appeal from the District Court of Dallas County. Tried below before Hon. E. B. Muse.

*W. M. Pierson,* for appellant.

*D. A. Eldridge,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—This was a suit by appellant to enjoin the appellee from selling certain real estate under the terms of a deed of trust executed by appellant to appellee to secure certain purchase money notes given in payment of the property. The court granted

a temporary injunction which was dissolved upon motion, and from the order of dissolution this appeal is prosecuted.

It was alleged, in substance, that J. P. Lake, joined by his wife, executed, on April 19, 1905, a general warranty deed, by which they conveyed to appellant certain land in Dallas, Texas, and, as part consideration therefor, executed three notes payable to the order of J. P. Lake, and as security for the payment of said notes executed a deed of trust conveying in trust said land to Fred L. Lake, trustee. Dealey paid all of said notes excepting $200 of the principal. Fred L. Lake, trustee, acting in pursuance of the authority conferred on him by the deed of trust, had advertised said land for sale.

It was further alleged that a suit in trespass to try title had been filed in the District Court of Dallas County by Mary B. Moore and others against certain parties, including plaintiff, to recover a large tract of land which embraced the land of plaintiff. The petition proceeds as follows: "This plaintiff shows to the court that he duly filed his answer to the aforesaid suit, setting up his defenses, and also notified the defendant, J. P. Lake, to appear and defend same under his general warranty to this plaintiff, which he failed and refused to do, and the said suit is pending, and that the title to the property in question has failed, and that the suit against this plaintiff and others referred to is of such a nature that plaintiff fears the success of same, and that he will be evicted from the said premises." The petition also alleged: "That the said J. P. Lake, though duly notified, has failed and refused to protect plaintiff in any way or to defend his warranty. Plaintiff further shows to the court that he is informed and believes and so charges that the said J. P. Lake is insolvent."

The trial court did not err in dissolving the injunction. The petition shows that the suit of Mary B. Moore and others to try title to the land is still pending and the petition does not show that the title to the land has failed in whole or in part, or such circumstances as would prima facie repel the presumption that at the time of the sale of the land to him by Lake and wife he knew or intended to run the risk of the defect. The case falls clearly within the ruling in the case of Cooper v. Singleton, 19 Texas, 265. In that case the able judge who delivered the opinion of the court stated the law as follows: "The plea in the case in hand avers the title of the vendor to be defective, but does not state when the fact came to his knowledge. He admits that he has the vendor's deed with warranty. He does not allege that there was fraudulent representation, or even concealment on the part of the vendor. He alleges merely defect of title, and he certainly should aver, in order to show that he has equity, that he did not know of the defect at the time of sale. If he be exempted from the necessity of abiding eviction and then resorting to his covenants, he should aver such facts as would in equity and justice entitle him to relief. . . . He should aver such facts as would, if true, authorize the court to grant the relief; and if he have a deed with warranty he ought not to be released from payment unless in case of fraud on the part of the vendor, or of defect in the title

not known to the vendee at the time of the sale. He can not require of the court to institute any inquiries unless on averments stating fully all the facts and repelling conclusions against the equity sought on his behalf." Loc. cit., pp. 266 and 267.

The law, as there announced, has been followed by subsequent decisions in this State. It is clear that the contract of sale was executed, although a vendor's lien is reserved to secure the notes for the unpaid purchase money. Ogburn v. Whitlow, 80 Texas, 239.

Under the facts as alleged the appellant was not entitled to an injunction. Brooks v. Lee, 46 Texas Civ. App., 372 (102 S. W., 779).

The judgment is affirmed.

*Affirmed.*