## BALLARD v. BREIGH. (No. 10578.)

(Court of Civil Appeals of Texas. Fort Worth. April 5, 1924. Rehearing Denied May 24, 1924.)

1. **Bills and notes** &#8658;537(1)—**Refusal of peremptory instruction in favor of payee of check held proper.**

In an action by the payee against the maker of a check, refusal of a peremptory instruction for plaintiff *held* proper.

2. **Bills and notes** &#8658;493(2) — **Payee suing maker on check need not prove consideration.**

Under the Negotiable Instruments Act (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—24), providing that every negotiable instrument is deemed prima facie to be for value, and Vernon's Sayles' Ann. Civ. St. 1914, art. 1906, requiring an answer of want of consideration to be verified, in an action for debt on a check by the payee against the maker, in which defendant pleaded a general denial and lack of consideration by a special answer, the burden of proving consideration is not on plaintiff.

3. **Bills and notes** &#8658;493(1)—**Allegation that check sued on was given for a debt held unnecessary.**

In an action on a check by the payee against the maker, allegations in plaintiff's petition that the check sued on was given for a debt owed her by defendant was unnecessary to entitle her to recover after she introduced the check in evidence, execution of which was expressly admitted by defendant.

4. **Trial** &#8658;215—**Rules as to burden of proof and exception to charges in submission on special issues same as when submitted on general charge.**

The rules applicable to the submission of a case on special issues are the same as when submitted on a general charge, so far as they relate to the burden of proof and exceptions to charges.

5. **Bills and notes** &#8658;493(3)—**Burden of proof of lack of consideration on maker of check pleading it.**

Under the Negotiable Instruments Act (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—24), providing that a negotiable instrument is prima facie presumed to be for value, in an action for debt on a check by the payee against the maker, the burden of proof rested on defendant to establish the defense of lack of consideration.

6. **Appeal and error** &#8658;1064(1)—**Charge that proof of consideration for check was on payee held prejudicial.**

Under the Negotiable Instruments Act (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—24) providing that every negotiable instrument is deemed prima facie to have been executed for value, the charge that the burden was on plaintiff to prove that the check was not given her to make a loan to her was prejudicial to plaintiff.

7. **Trial** &#8658;27—**Refusal to permit copying of letters offered in evidence discretionary.**

Refusal to let a party copy in the presence of the jury letters offered in evidence by the other party was within the court's discretion.

8. **Appeal and error** &#8658;499(3)—**Assignment of error not setting out ground of objection or reason for refusal to receive letter in evidence will be overruled.**

An assignment of error based on refusal of trial court to receive in evidence a letter written by plaintiff for comparison of handwriting, where it is not shown that she identified the letter as written by her, and record does not show the objection or why it was excluded, must be overruled.

Buck, J., dissenting.

### On Motion for Rehearing.

9. **Appeal and error** &#8658;609 — **Supplemental transcript cannot be filed after submission of cause to appellate court.**

Under rule 22 for the Courts of Civil Appeals, omissions in the transcript cannot be supplied after submission of the cause.

10. **Appeal and error** &#8658;635(2)—**Cause reversed and remanded for failure to show county court had jurisdiction of cause appealed from justice's court.**

Where it did not affirmatively appear from the record that a county court had jurisdiction of a cause begun in a justice's court, the judgment will be reversed and remanded, with instructions to the county court to dismiss unless its jurisdiction is shown.

Appeal from Haskell County Court; Jas. P. Kinnard, Judge.

Action by Lee Ballard against W. T. Breigh. From a judgment for defendant, plaintiff appeals. Reversed and remanded, with instructions.

Smith & Grissom, of Haskell, for appellant.

Murchison & Davis, of Haskell, and Theodore Mack, of Fort Worth, for appellee.

BUCK, J. Appellant sued, originally in the justice court, appellee for debt on a check given by appellee to appellant for $150. Appellant alleged that the check was given to her for $150 in money which she had given to appellee for the purpose of depositing it in the bank. She further alleged that W. T. Breigh, hereinafter called defendant, gave her the check on a bank at Stamford, on August 13, 1921, though the check was dated August 15, 1921. The defendant alleged that there was no consideration for the check, and that at the request and insistence of the plaintiff the defendant was induced to agree to make her a loan of $150, and thereupon executed and delivered said check declared upon by the plaintiff; that thereafter defendant was convinced that plaintiff was wholly insolvent and unable to repay said

loan, and, further, that he was being made a dupe of by plaintiff, whom he charged with being an adventuress and a women of bad repute, and thereupon, in order to protect himself from loss, he notified the bank not to pay said check; that he became acquainted with the plaintiff, and that she agreed to marry him; that on the strength of said engagement defendant was induced by plaintiff to buy her household furniture in the sum of $66, and to advance her various sums of money aggregating about $100, with the express agreement to repay plaintiff said sums loaned and said money expended by him in the purchase of said household furniture. Defendant further alleged that plaintiff never had any intention of marrying him; that she was merely taking advantage of his confidence in her to secure funds and assistance from him; that in truth and in fact, while holding herself out as the fiancée of defendant, plaintiff held herself out to a great number of men as a common prostitute in the town of Haskell, and that her suit was brought by her "solely to extort money from defendant on account of the publicity thereof." Defendant by way of cross-action sued the plaintiff for the sum of $160.

The cause was tried before a jury on special issues, and the jury found (1) that the plaintiff did not on or about the 10th day of June, 1921, hand to the defendant the sum of $150 in money to be deposited for her in the bank; (2) that the defendant was not indebted to plaintiff in the sum of $150 previously handed to him by her for the purpose of depositing the same in the bank for her at the time he executed and delivered to plaintiff his personal check for $150; (3) that at the time defendant executed and delivered to plaintiff a check for $150 it was for the purpose of making her a loan to make a payment on her property situated in Fort Worth; (4) that plaintiff was not indebted to defendant for money loaned to her to buy furniture, and for the purpose of going to Fort Worth. etc. Upon this verdict the court rendered judgment that the plaintiff recover nothing from defendant, and that defendant recover nothing from paintiff on his cross-action. The plaintiff has appealed.

[1] We overrule appellant's assignment directed to the failure of the trial court to give a peremptory instruction for her on her cause of action. It is urged that, inasmuch as plaintiff's cause of action was based upon a check given her by defendant, the execution of which was admitted by defendant, and plaintiff was the holder of the check in due course, and never had any notice that the check would not be paid until she presented it to the bank, and because the check itself was evidence of defendant's indebtedness to plaintiff, a peremptory instruction was proper. Appellant relies on the cases of Miller Brewing Co. v. Coonrod (Tex. Civ.

App.) 230 S. W. 1099; Hall v. Edwards (Tex. Com. App.) 222 S. W. 167; Metropolitan Loan Co. v. Reeves, 236 S. W. 762. The last-cited case is by the San Antonio Court of Civil Appeals, and was an action based on a check drawn by J. F. Reeves in favor of Sam Magness, indorsed by Magness, and the suit was instituted by the loan company against Reeves and Magness. Reeves lived in Harris county, and his plea of privilege to be sued in that county was sustained by the trial court. The court there said:

"The only question in the case is: Did the check drawn by Reeves in favor of a resident of Bexar county, on a bank in that county, constitute a contract on the part of Reeves to perform an obligation in Bexar county? If this question be answered in the affirmative, the judgment was erroneous, and' should be reversed; if in the negative, the venue was properly changed to Harris county, and the judgment should be affirmed."

The court held that the venue was properly laid in Bexar county, and the trial court erred in changing the venue of the action to Harris county. Upon the consideration of the correctness vel non of the trial court's action in changing the venue, the Court of Civil Appeals was required to pass only on the question as to whether plaintiff's allegations alleged a cause of action maintainable in Bexar county.

In the case of Hall v. Edwards, supra, by the Commission of Appeals, the Court had before it a case where P. H. Pennington and Charles Hill deeded to Everett Hughes a lot upon which was situated a seven-room house. A small cash payment was made and notes were given payable monthly for the balance. Hughes sold the property to Lula Edwards, and she assumed the payment of the notes described. The first 13 of the notes were paid, and, default having been made in the payment of the notes subsequently maturing, the trustee sold the property under the trust deed, and Hall bought it. The jury found upon the submission of special issues that Pennington and Hill sold the property to be used for immoral purposes; that it was used for such purposes; that at the time Hall purchased the property under the trustee sale he knew that the property had been sold by Pennington and Hill for immoral purposes, and was then being used for such purposes. The Court of Civil Appeals held that such facts constituted a defense of Lula Edwards on the purchase notes, and that Lula Edwards could successfully plead the immoral purposes involved in the building of the house, and in the sale thereof to her, in a suit against her by Hall in form of trespass to try title. The Commission of Appeals said:

"When an illegal contract, of the character here in question, has been fully executed, and suit is not brought for the purpose of its enforcement, the courts will recognize and en-

force any new contract, right, or title resulting from its execution by the parties themselves. [Citing cases.] * * * But the illegality of the transaction did not prevent the exercise of the power of sale conferred upon the trustee, by agreement of the parties, through the deed in trust. At this sale plaintiff in error became the purchaser, and acquired the title remaining in Pennington and Hill through the retention of the vendor's lien and that of defendant in error acquired by her deed from Hughes. The sale put an end to the illegal contract. It was fully executed by the parties themselves, acting through the trustee, who, in the execution of the trust, was the agent of all the parties thereto. Plaintiff in error's title, though arising out of the illegal .contract, was not dependent upon it; that is, no action of the court was necessary to enforce the contract, or any of its terms, in order to make the title perfect, or complete."

The Commission of Appeals held that the decision of the Court of Civil Appeals denying the right of recovery because of such immoral purpose involved in the original sale from Pennington and Hill was error.

We think the case of Miller Brewing Co. v. Coonrod is also easily distinguishable from the instant case. The assignment is overruled.

The court charged the jury that:

"The burden is. on the plaintiff to prove the affirmative of special issues Nos. 1 and 2 by a preponderance of the evidence; and the burden is on the defendant to prove the affirmative of special issues Nos. 3, 4, and 5 by a preponderance of the evidence."

Appellant objects to the consideration of this, the third assignment, on the ground that it is multifarious and attempts to present two or more distinct questions, and that the bill of exceptions upon which appellant relies to sustain said assignment does not state what objections were urged in the trial court to the action of the court in charging the court that the burden was on the plaintiff to prove the affirmative of said special issue by a preponderance of the evidence. At least the majority are of the opinion that said objection should be overruled.

[2] The majority are of the opinion that the giving of the charge that the burden of proof was on plaintiff to prove the affirmative of special issues Nos. 1 and 2 by a preponderance of the evidence was error. The majority's views, as expressed by Justice DUNKLIN, are as follows:

Following is the court's charge to the jury in full:

"Special Issue No. 1. Did the plaintiff, Lee Ballard, on or about the 10th day of June, 1921, hand to the defendant, W. T. Breigh, the sum of $150 in money to be deposited for her in the bank?

"Special Issue No. 2. Was the defendant, W. T. Breigh, indebted to the plaintiff, Lee Ballard, for the sum of $150 previously handed to him by her for the purpose of depositing the same for her in the bank, at the time he executed and delivered to plaintiff his personal check on the First State Bank of Stamford for $150?

"Special Issue No. 3. At the time the defendant, W. T. Breigh, executed and delivered to plaintiff, Lee Ballard, his check for $150 on the First State Bank of Stamford, was it for the purpose of making her a loan to make a payment on her property in Fort Worth?

"Special Issue No. 4. Is plaintiff indebted to defendant for money loaned her to buy furniture and for the purpose of going to Fort Worth?

"Special Issue No. 5. If you have answered special issue No. 4 'Yes,' then state the amount of her indebtedness to defendant

"The burden is on the plaintiff to prove the affirmative of special issues Nos. 1 and 2 by a preponderance of the evidence; and the burden is on the defendant to prove the affirmative of special issues Nos. 3, 4, and 5 by a preponderance of the evidence."

The check sued on by plaintiff was a negotiable instrument, within the meaning of articles 6001—1, 6001—185, Vernon's Sayles' Tex. Civ. Supp 1922, same being the Negotiable Instruments Act, passed by the Thirty-Sixth Legislature in 1919 (chapter 123, §§ 1, 185). And the following are 'other provisions of the same act:

"Art. 6001—24. Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value.

"Art. 6001—25. Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time."

Article 1906, V. S. Tex. Civ. Statutes, reads in part as follows:

"An answer setting up any of the following matters, unless the truth of the pleadings appear of record, shall be verified by affidavit: * * *

"That a written instrument upon which a pleading is, founded, is without consideration, or that the consideration of the same has failed in whole or in part."

Defendant's answer contained a general denial of the allegations in plaintiff's petition. He also filed this special answer:

"Defendant says that there is no consideration for instrument declared upon herein by the plaintiff; that at the request and insistence of the plaintiff the defendant was induced to agree to make her a loan of $150, and thereupon executed and delivered said check declared upon herein by the plaintiff; that shortly thereafter defendant was convinced that the plaintiff was wholly insolvent and unable to repay said loan, and further that he was being made the dupe of plaintiff, whom he now charges to be a mere adventuress and common prostitute, and that thereupon, in order to protect himself from loss, he notified bank not to pay said check."

[3] The allegations in plaintiff's petition to the effect that the check sued on was given for a debt which defendant owed her for money delivered to him by her to be placed in bank for her benefit was unnecessary to entitle her to a recovery, after she had introduced the check in evidence, and the execution and delivery of which was not denied by defendant, but expressly admitted. And upon the trial the check was introduced in evidence. Plaintiff herself was introduced as a witness in her own behalf, and testified to the execution and delivery of the check, and to her failure to collect it on account of defendant's repudiation of it. No further questions were then propounded to plaintiff. She further testified that prior to the execution and delivery of the check defendant became indebted to her for the sum of $150, but did not testify as to how the indebtedness arose, or what was the consideration therefor. Whereupon defendant proceeded to cross-examine her as a witness, and on that cross-examination counsel for defendant proceeded to inquire into the question of consideration, in answer to which questions plaintiff testified to the effect that the check was given for $150 delivered to defendant by her, as alleged in her petition. At the conclusion of that cross-examination, plaintiff rested her case.

The defendant then introduced his testimony to prove that the check was given as a loan, and later countermanded by him, as alleged in his answer, and also his testimony to the facts alleged in his cross-action against the plaintiff.

[4] The rules applicable to the submission of a case on special issues are the same as when submitted on a general charge, so far as they relate to the burden of proof and exceptions to charges.

[5] The burden of proof rested on the defendant to establish his defense that the check sued on was given without consideration. Issues Nos. 1 and 2, submitted to the jury, related solely to that question, and it was error to place upon plaintiff the burden of establishing the affirmative of those issues. And plaintiff duly excepted to the charge instructing the jury to that effect.

The fact that plaintiff alleged the consideration given by her for the check was not a waiver of her legal right to a recovery unless defendant established the defense of a lack of consideration pleaded by him, especially when she abandoned her allegation of consideration by failing to introduce evidence to sustain it. When she rested her case, even after she had been for the first time interrogated by defendant as to the consideration, no proof had been introduced to show a lack of consideration. By merely pleading a consideration plaintiff did not especially assume the burden of proving it, since the same was unnecessary to a recovery, and since she afterwards abandoned that plea. The defendant not only pleaded a want of consideration, but upon the trial assumed the burden of sustaining that plea by the introduction of evidence after plaintiff had rested her case.

[6] The facts submitted in issues Nos. 1 and 2, if true, necessarily negatived that submitted in issue No. 3, and the charge that the burden was on plaintiff to prove such a negative was prejudicial to her, especially as defendant introduced other evidence than his own testimony to sustain his defense of a want of consideration, and since the jury discredited defendant's testimony in support of his cross-action, as shown by their finding on issue No. 4.

The assignment directed to the language of counsel for defendant in the examination of the jury on voir dire does not require a ruling, in view of another trial, as such language will not be repeated.

[7] Another assignment is directed to the action of the trial court in refusing to allow plaintiff to copy in the presence of the jury two letters which were offered in evidence by defendant, and were, over the objection of the plaintiff, admitted in evidence, which letters were purported to have been written by plaintiff. The bill of exception to the action of the court in this respect is qualified by the trial court with the statement that defendant refused to let plaintiff copy the two letters theretofore offered in evidence by the defendant, and that plaintiff testified that he had received both letters through due course of mail from plaintiff, who had gone to Fort Worth. Irrespective of the reason given by the trial court for his action in refusing to allow plaintiff to copy the two letters, we may say that we feel that it is largely within the discretion of the trial court as to whether the trial should be extended for the purpose of allowing the plaintiff below to copy the letters. Moreover, such evidence, given under the circumstances and during the trial, might be considered self-serving. The assignment is overruled.

[8] Another assignment is directed to the action of the trial court in refusing to permit plaintiff to offer in evidence, for the purpose of comparison of the handwriting, a letter written by plaintiff to her attorney on the 21st day of September, 1921. It is not shown that the plaintiff identified this letter, tendered in evidence, as having been written by her. There is no record of the objections to said testimony offered by defendant, nor the ground upon which the court declined to admit said letter. Consequently we are not able to rule upon the question of whether in any event such letter would be admissible, and therefore overrule the assignment.

For the reasons given, the judgment of the trial court is reversed, and the cause remanded.

BUCK, J. (dissenting). Appellant relies to sustain the third assignment on the case of St. L. & S. W. Ry. Co. v. Preston, 228 S. W. 928, by the Commission of Appeals, and Stooksbury v. Swan, 85 Tex. 563, 22 S. W. 963. In the first case the court said:

"A charge on the burden of proof is not necessary or proper in every case. The propriety of such charge depends on the state of the evidence. * .* * In such case, it is the province of the jury to find the facts, and of the court to apply the law to the facts as found. In the submission of a cause upon a general charge, requiring a general verdict, the jury is informed of the facts upon which a plaintiff relies, and which he must establish to entitle him to recover; but this is not true in the submission of a cause upon special issues. To instruct the jury that the burden of proof was on the plaintiff to show, by a preponderance of the evidence, such facts as would entitle him to recover, would necessitate a further instruction. informing the jury as to which of the facts submitted were relied upon and necessary to entitle him to recover."

Of course, a charge, in a cause submitted on special issues that the burden of proof was on the plaintiff to show by a preponderance of the evidence such facts as would entitle him to recover, would be improper. In Stooksbury v. Swan, supra, the court said:

"In cases in which evidence is introduced by the respective parties, tending to prove and to disprove the issues of fact involved in a cause, occasion does not arise for declaration upon whom the burden of proof rests; for the question then becomes merely one of preponderance of evidence, which is for the decision of the jury under all the evidence introduced, whether this be direct or circumstantial. In such cases a charge upon the burden of proof is more likely to mislead than to give a jury a correct view of their duties."

The writer believes that in many cases submitted on special issues it is proper to inform the jury as to which party has the burden of proof to establish any certain issue. In Chittim & Par v. Martinez, 94 Tex. 141, 58 S. W. 948, the Supreme Court, speaking through Judge Brown, said:

"There might be a state of facts that would render a charge upon the burden of proof misleading and therefore improper to be given, but the mere fact that the evidence upon an issue which is submitted to the jury is conflicting does not make it improper for the court to give a charge informing the jury as to which party has the burden of proving the issue submitted to them. Railway v. Shieder, 88 Tex. 165; Clark v. Hills, 67 Tex. 148; Howell v. Hanrick, 88 Tex. 394; Byers v. Wallace, 87 Tex. 503. It was not error for the trial court to give an instruction as to the burden of proof, under the facts stated with the question submitted to us."

The case of Byers v. Wallace, 87 Tex. 503, 28 S. W. 1056, 29 S. W. 760, cited in the quotation from Chittim & Par v. Martinez, su-

pra, was a contest involving the title to a piece of land. In order for plaintiffs to recover it was necessary, so held the Supreme Court, for them to prove that' William Wallace, under whom they claimed, was the person who fell at the massacre of Goliad, and in whose right the certificate was issued by virtue of which the land was located, and that they were his heirs. Under the facts presented in this case, it must have been shown that the Wallace under whom plaintiffs claim, if he were the deceased soldier, as claimed, left neither wife nor child at the time of his death. Two warrants were issued by the state to the heirs of the said William Wallace, and two headright certificates were also issued to said heirs. The Supreme Court held that the following requested charge should have been given:

"The plaintiffs must recover, if at all, upon the strength of their own title, and must establish their case by a preponderance of the evidence, and should you be unable to decide from the evidence that Wallace was a member of Capt. P. S. Wyatt's company, and perished at Goliad, you will find for the defendants."

In the case of Clark v. Hills, 67 Tex. 141, 2 S. W. 356, supra, the Supreme Court said:

"The same rule holds in reference to defendants, when they set up an independent fact by way of confession and avoidance. Thus they admit the plaintiff's case, and as to such fact assume the onus probandi. As in an action of debt, when the defendant pleads payment, accord and satisfaction, a discharge in bankruptcy, etc. As to these pleas, the onus is upon him, though it still rests upon the plaintiff as to the allegation upon which he seeks a recovery. So in the present case, upon the plea of limitation, the burden rested with the defendants throughout the cause, because they involved an admission of the plaintiff's case, and an assumption of the burden of showing reasons why it should not prevail against the defendants. Whilst the party having the affirmative of an issue holds the burden of proof, as a general rule, it is not necessary that the issue should always be presented in an affirmative form. 1 Greenl. on Ev. § 74. If this were requisite, a mere change in the form of the issue would change the burden of proof, without regard to the substance and effect of the issue. Much less does the fact that a defendant is forced to maintain the affirmative of some fact, in disproving the plaintiff's case, shift upon him the burden of proof. Hence the onus probandi in this case was not affected by the fact that, in showing the land to have been vacant at the date of the plaintiff's location, he had to prove that it was not within the lines of the Ponce grant, and the defendant met the issue by proof that it was embraced within the lines of that grant. That a party does not shift to his adversary the burden of proof by making out a prima facie case is clear from what we have said, and is a well-settled principle. Blanchard v. Young, 11 Cushing, 345, and other authorities cited above."

The burden is upon plaintiff to establish the issues upon which he relies to recover,

and is upon the defendant to establish the affirmative defenses relied upon to defeat recovery. Prairie Oil & Gas Co. v. Wright (Tex. Civ. App.) 238 S. W. 974; Boswell v. Pannell, 107 Tex. 433, 180 S. W. 593; Railway Co. v. Novit (Tex. Civ. App.) 199 S. W. 496. While it is said the burden of proof never shifts, on the case as a whole, but is always upon the plaintiff to establish the grounds of his cause of action, yet the burden is upon defendant to prove by a preponderance of the evidence affirmative defenses upon which he relies to defeat recovery.

Plaintiff alleged in her oral pleading before the justice of the peace, and her only affirmative pleading given in the record, that:

"Said check was given by defendant to plaintiff in payment of a debt that defendant owed plaintiff for money that plaintiff had turned over to defendant on or about the 10th day of June, 1921, that defendant agreed to put in the bank for plaintiff."

Having pleaded that the check was given in payment of a loan by her to defendant, the writer is of the opinion that the burden was on plaintiff to prove such fact, and that reliance could not be had upon the rule invoked by the majority that a written instrument, acknowledged by the defendant as having been executed and delivered by him, imports a consideration. It may be said that it was not necessary for plaintiff to plead the consideration, but, as stated in 16 Cyc. p. 927:

"Where a party erroneously assumes the burden of proof as to a particular allegation or the burden of evidence as to a particular fact, the mistake will not be corrected in the appellate court."

The writer is of the opinion that the assignment should be overruled.

### On Motion for Rehearing.

BUCK, J. [9] Appellee has filed a motion for rehearing, in which he raises the question of jurisdiction of the trial court. It appears that the appeal bond from the justice court and the judgment of said court is not in the record, and it does not affirmatively appear that the county court had jurisdiction. Appellant filed a motion for certiorari to supply the mixed bond and judgment. Under rule 22 for the Courts of Civil Appeals, omissions in the transcript cannot be supplied after submission of the cause in the Court of Civil Appeals. Patrick v. Pierce, 107 Tex. 620, 183 S. W. 441; Huling v. Moore (Tex. Civ. App.) 194 S. W. 188. Therefore appellant's motion to file supplemental transcript is overruled.

[10] But, as to appellee's motion for rehearing and to certify, we are of the opinion that said motion should also be overruled. The jurisdiction of the trial court not affirm-atively appearing of record, it is our duty to reverse the judgment below and remand the cause to the trial court, with instructions to dismiss the cause, unless the jurisdiction of that court is shown. Therefore the original opinion is withdrawn, and the judgment is reversed, and the cause remanded, with the above instructions to the trial court. Since this judgment of the court is not based upon a consideration of the case on its merits, the motion to certify is also overruled.