## COOK v. BARRIER.

### No. 12991.

Court of Civil Appeals of Texas. Fort Worth.

May 18, 1934.

Rehearing Denied June 29, 1934.

624

John F. Sturgeon, of Pampa, for appellant.

Bonner, King & Dawson, of Wichita Falls, and Wm. N. Bonner and V. Childress, both of Houston, for appellee.

DUNKLIN, Chief Justice.

B. C. Barrier sued Reuben R. R. Cook on a promissory note for the principal sum of $1,000. Cook filed a cross-action upon a promissory note executed by Barrier, the plaintiff, for the principal sum of $8,447. To that cross-action Barrier pleaded the statute of limitation of four years, and failure of consideration. Barrier recovered judgment against Cook for the amount due on the $1,000 note, which, upon the trial, Cook admitted to be due. The court overruled Barrier's plea of limitation to the cross-action (of which ruling Cook does not complain here), but sustained Barrier's plea of failure of consideration, and, based on that holding, denied Cook a recovery on the cross-action. The trial judge filed findings of fact and conclusions of law, which appear in the record; the trial of the case being without a jury.

The record shows that plaintiff and defendant were engaged as partners in the loan business in the city of Dallas upon an agreement between them that Cook would furnish the capital and Barrier would manage and control the business, and that the profits realized from the business would be divided equally between the parties. The business was terminated and the partnership dissolved something more than one year after its inception. At that time Barrier executed and delivered to the defendant Cook the note made the basis of the cross-action. The execution and delivery of that note was voluntary and solely on Barrier's suggestion, and according to his testimony it was made solely for the purpose of reimbursing Cook for the capital which the latter had invested in the partnership enterprise, and there was no other consideration therefor. That contention was sustained by the trial court, and by reason thereof it was held that the note was not supported by any valid consideration.

The defendant Cook has challenged that finding of lack of consideration as being without sufficient support in the evidence. According to his testimony he never contributed to the partnership business more than $5,000, and in his briefs filed here he concedes that to the extent of that amount, but no further, the note lacked sufficient consideration. But according to his further testimony—which was denied by Barrier—the difference between $5,000 and the face of the note represented money he had advanced to Barrier from time to time and which had never been paid. The note had several credits indorsed thereon aggregating $375, and there was a conflict in the testimony of the parties with reference to those credits; Barrier testifying that they represented payments made by him on his prior indebtedness to Cook, and Cook testifying to the contrary.

Cook testified that Barrier and his wife both admitted to him that Barrier had used $1,500 of the money which Cook had contributed to the partnership business, for speculation in cotton futures and had lost the money; that they both cried about the loss and expressed hope that they might reimburse Cook at some time in the future. Barrier likewise testified that he gambled and lost $1,500 in an investment he made on cotton futures. Nor did he deny the testimony of Cook just related with respect to that venture.

In 47 Corpus Juris, p. 783, it is said that if one member of a partnership employs property belonging to the firm for his own personal advantage without other partners' consent, he is guilty of a misappropriation and will be compelled to account to the other members of the firm for the value of the funds so misappropriated as of the time of such misappropriation. That announcement is well supported both on principles of equity and by many decisions cited in the footnotes to the text, one of which was Smith v. Green (Tex. Civ. App.) 243 S. W. 1006. And in that case it was held, quoting from the syllabus: "The wrongful use of partnership funds by partner to improve his individual property was fraudulent in law, if not in fact." And in that case it was further held that the prop-

erty so improved was impressed with a constructive trust for the benefit of the other members of the firm.

██ It is also well settled that a promissory note imports a valid consideration and the burden is upon the maker to prove a lack of consideration, and in order to introduce such proof he must file a verified plea asserting that defense. Newton v. Newton, 77 Tex. 508, 14 S. W. 157; Brown v. Weir (Tex. Civ. App.) 293 S. W. 916; Shaw v. McShane (Tex. Com. App.) 50 S.W.(2d) 278; Ballard v. Breigh (Tex. Civ. App.) 262 S. W. 886.

██ The testimony recited above showed a misappropriation of $1,500 of partnership funds. To that extent the note sued on in the cross-action was supported by a valuable consideration and the defendant was entitled to recover that amount at all events. Rev. St. art. 574; Blanks v. Ripley, 8 Tex. Civ. App. 156, 27 S. W. 732.

Appellee has cited testimony of Barrier tending to show an oral agreement between him and Cook that the note should never become an enforceable contract unless and until he should become financially able to pay it, and that that contingency had never happened. It is also pointed out that his testimony was not denied by Cook, and that the judgment should be affirmed upon that proof irrespective of any other issue. In support of that contention appellee cites article 5932, § 16, of the Negotiable Instruments Act; 6 Tex. Jur. 953; 11 Tex. Jur. 840; Hamilton v. Hannus (Tex. Civ. App.) 185 S. W. 938; Miller v. Murphy (Tex. Civ. App.) 206 S. W. 968; 8 Corpus Juris, 205. In 6 Tex. Jur. 953, this was said in discussing the cited provision of the Negotiable Instruments Act: "Under this provision of this statute and according to the rule as it existed at common law, it is generally held that in a suit between the original parties or against those taking with notice or after maturity, parol evidence is admissible for the purpose of showing a conditional delivery of the instrument, as, for instance, that a promissory note, though absolute in form, and delivered to the manual possession of the payee, was not intended to take effect as a binding obligation until the happening of a stipulated contingency."

And in 8 Corpus Juris, 205, it is said: "A delivery may be conditional, without the use of express words to that effect at the time; and that conclusion may be drawn from all the circumstances which properly form a part of the entire transaction, whether in point of time they precede or accompany the delivery."

However, the following is stated in the conclusions of the trial court: "I further conclude that the collateral agreement that the note should not be paid unless plaintiff should become financially able to pay the same, is of no legal effect; and deny recovery on the $8447.00 note solely on failure of consideration."

██ The findings of fact do not include a specific finding of such an oral agreement, although implied in the court's conclusions of law. We do not feel authorized to affirm the judgment upon the theory suggested, since, at all events, it does not clearly appear that the court passed upon the sufficiency of the evidence to establish such a collateral oral agreement at the time of or before the delivery of the note. Barrier testified to that agreement, but he was an interested witness, and although it was not specifically denied by Cook, he was not interrogated on that point. Furthermore, it appears that the note in question was sent from Dallas by Barrier to Cook in Electra, and Barrier did not testify that in his letter accompanying it Cook was told that the note was executed and delivered on the condition referred to above. Nor did he testify that such an agreement was made before the note was executed to Cook. If that oral agreement was made after the note was delivered, it could not be given the effect sought, and we cannot say from the record that the implied finding was not made on that theory.

For the reasons indicated above, the judgment of the trial court is reversed, and the cause is remanded.

### On Appellee's Motion for Rehearing.

The trial court's findings of fact did not include any finding of the alleged collateral agreement that the note sued on in the cross-action should not be paid unless plaintiff Barrier should become financially able to pay the same. The only reference to that alleged agreement is in the court's conclusions of law, reading as follows: "I further conclude that the collateral agreement, that the note should not be paid unless plaintiff should become financially able to pay the same, is of no legal effect; *and deny a recovery on the $8447.00 note solely on* failure of consideration." (Italics ours.)

Hence, we believe that the findings of fact and conclusions of law strongly indicate that the court did not intend to pass upon the sufficiency of the evidence to sustain the alleged collateral agreement referred to in the conclusions of law; and our discussion of the

evidence in the original opinion was for the purpose of showing that this court is without jurisdiction to affirm the judgment, at all events, upon the theory that the alleged collateral agreement had been found by the trial court, or else that it had been conclusively established as a matter of law.

The motion for rehearing is overruled.