**TURNER et al. v. NEEL·et al.**

No. 12151.

Court of Civil Appeals of Texas.
San Antonio.

June 14, 1950.

Rehearing Denied July 5, 1950.

J. F. Carl, Edinburg, Texas, for appellants.

Rankin, Kilgore & Cherry, Deane C. Watson, all of Edinburg, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted by J. G. Turner and Wesley Whitman against M. A. Neel and his mother, Olive M. Neel, and H. H. Rankin, Trustee, to restrain a trustee's sale of 1400 acres of land in Hidalgo County, Texas, to satisfy four notes in the principal sum of $5,126.50 each, due on or before July 21, 1948, and being vendor's lien notes, additionally secured by deed of trust on said 1400 acres of land. The suit was also brought to recover damages in a large sum of more than $400,000.00 alleged to have resulted to plaintiffs by reason of the failure of M. A. Neel to convey to them good and merchantable title to the 1400 acre tract. The defect or imperfection in the title was the failure of the Neels to pay an estate tax due the federal government of some $40,000.00 or $50,000.00, which constituted a lien on this property.

The trial court denied the temporary injunction prayed for, whereupon a supersedeas bond was given and a temporary injunction pending appeal was then granted. The appeal is prosecuted from the order denying the temporary injunction as prayed for by Turner and Whitman.

The appellants knew at the time they accepted a warranty· deed from M. A. Neel on November 3, 1948, that the title to the land was defective, in that the estate tax had not been paid, and that is

the only defect shown in the title at any time.

■ The trial judge properly refused to grant the temporary injunction staying the trustee's sale under the circumstances. Appellants having accepted the conveyance knowing of the defect in the title, and, no fraud having been alleged or proved, they are not in a position to refuse to pay the purchase price notes or to enjoin the trustee's sale, but they must pay such notes and rely upon their suit for damages for the breach of warrant, if any.

Chief Justice Hemphill, speaking for the Supreme Court, in Cooper v. Singleton, 19 Tex. 260, 70 Am.Dec. 333, said: "No question was raised in that case as to whether the purchaser had, prior to the sale, knowledge of the defects of the title. But in the subsequent case of Brock v. Southwick, 10 Tex. 65, it was held that where a vendee under a deed with warranty accepted the title, with knowledge of its defects, he could not resist the payment of the purchase money unless he had been evicted." See also Dealey v. Lake, 62 Tex.Civ.App. 429, 131 S.W. 441.

■ Appellants allege and show that they have paid large sums of money on the purchase price and that they have spent large sums of money improving the land and preparing it for resale in small tracts, and further that a freeze which came in 1949 ruined the chances for resale of this property except for dry farming, and that they have been greatly damaged by these things. However, they spent this money and made these improvements knowing of the defect in the title and relying upon the warranty in the deed and on the promise of M. A. Neel that he would soon get the estate tax paid and this lien removed from the land. Appellants went into the project with full knowledge of all the facts, they were not defrauded in any way, they relied upon the warranty and the covenant. They have not been evicted from the land, so far as this record shows, and the estate tax may yet be paid and the defect of title removed. Under such circumstances they cannot resist the payment of the purchase money and enjoin the trustee's sale. They have as their only remedy a suit at law for their damages. Dealey v. Lake, 62 Tex.Civ. App. 429, 131 S.W. 441.

■ Appellants contend that their remedy at law of a suit for damages is inadequate in that they are seeking to establish a vendee's lien for improvements made upon the land. If a trustee's sale of the land is made to a third person this lien will be cut off. Appellants took this risk when, with full knowledge of the condition of the title, they accepted the warranty deed and placed their trust in M. A. Neel's covenant that he would soon pay off the estate tax and clear the title. They do not contend that they were defrauded in any way, they merely complain of the breach of covenant on the part of M. A. Neel. Appellants cannot now come into a court of equity and seek equitable relief, when they went into the deal and made the improvements with their eyes open.

The order refusing the temporary injunction is affirmed.